THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>    v.<br>GREGORY TIFT,<br><br>               Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Gregory Tift and the Government's stipulated motion to continue trial (Dkt. No. 13). On September 30, 2020, Defendant was charged by indictment with conspiracy to distribute controlled substances and possession of controlled substances with intent to distribute. (Dkt. No. 3.) The current trial date is December 7, 2020. (Dkt. No. 10.) Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

The parties agree that this matter, which arises from a lengthy investigation into a dark web drug distribution vendor, is complex and that discovery will be voluminous as the Government intends to produce surveillance images and contents from cellphones and electronic devices seized pursuant to search warrants. (Dkt. No. 13 at 2.) The parties also agree that the COVID-19 pandemic makes it more difficult for defense counsel to communicate with his client about the risks and benefits of proceeding to trial. (*Id.*) Therefore, the parties request that the

Court continue trial to May 17, 2021 to ensure defense counsel has adequate time to review discovery and conduct the necessary investigation to prepare an appropriate defense. (*See generally* Dkt. No. 13.) Defendant has filed a waiver of his speedy trial rights up to and including May 31, 2021. (Dkt. No. 14.)

In addition to affecting communication between defendants and their counsel, the COVID-19 pandemic has significantly impacted the Court's operations. (*See* General Orders 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20 each of which the Court incorporates by reference.) Specifically, the pandemic has made it difficult for the Court to obtain an adequate spectrum of jurors to represent a fair cross section of the community, and public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. (*See generally id.*)

Having thoroughly considered the briefing and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interests of Defendant and the public to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

1. Taking into account the exercise of due diligence, the failure to grant a continuance would deny Defendant's counsel reasonable time necessary for effective preparation, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and would therefore result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i).

2. This case is sufficiently complex that it is unreasonable to expect adequate preparation for trial within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

3. The COVID-19 pandemic has made it difficult for the Court to obtain an adequate spectrum of jurors to represent a fair cross section of the community, which would likely make proceeding on the current case schedule impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

4. Public health guidance has impacted the ability of jurors, witnesses, counsel, and

Court staff to be present in the courtroom. Therefore, proceeding with the current trial date would likely be impossible. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Accordingly, the Court ORDERS:

1. The December 7, 2020 jury trial is CONTINUED until May 17, 2021.
2. The October 29, 2020 pretrial motions deadline is CONTINUED until April 5, 2021.
3. The period from the date of this order until May 17, 2021 is an excludable time period under 18 U.S.C. § 3161(h)(7)(A).

DATED this 6th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE