THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY TIFT,<br><br>　　　　　　　Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Gregory Tift and the Government's stipulated motion to continue trial (Dkt. No. 17). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

On September 30, 2020, Mr. Tift was charged by indictment with conspiracy to distribute controlled substances and possession of controlled substances with intent to distribute. (Dkt. No. 3.) Trial was originally scheduled for December 7, 2020, but the Court granted the parties' stipulated motion to continue trial to May 17, 2021 based on the complexity of the case, the volume of discovery the Government produced, and the effect of the COVID-19 pandemic on defense counsel's ability to communicate with his client. (Dkt. No. 15.)

The parties now move for a second continuance to November 15, 2021 because Mr. Tift and his counsel need additional time to continue reviewing the voluminous discovery and contemplate filing pretrial motions. (Dkt. No. 17 at 2.) Mr. Tift is recovering from a stroke,

which has made communication between Mr. Tift and his counsel more difficult. (*Id.*) Additionally, the COVID-19 pandemic has significantly impacted the Court's operations. (*See* General Orders 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20, 18-20, 04-21 each of which the Court incorporates by reference.) The pandemic has made it difficult for the Court to obtain an adequate spectrum of jurors to represent a fair cross section of the community, and public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. (*See generally id.*) As a result, the Court has been unable to conduct any criminal trials in the courthouse since March 2020. Although the availability of a vaccine makes it likely that the Court will be able to resume in-person criminal trials in May 2021, the Court will continue to be limited by public health measures, such as limits on the number of people in the courthouse and courtrooms, which will limit the Court's ability to try cases as efficiently as it would absent a pandemic. *See* General Order 04-21 at 2.

Having thoroughly considered the briefing and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interests of Mr. Tift and the public to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

1. Taking into account the exercise of due diligence, the failure to grant a continuance would deny Defendant's counsel reasonable time necessary for effective preparation, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and would therefore result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i).

2. This case is sufficiently complex that it is unreasonable to expect adequate preparation for trial within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

3. The COVID-19 pandemic has made it difficult for the Court to obtain an adequate spectrum of jurors to represent a fair cross section of the community, which would likely make proceeding on the current case schedule impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

4. Public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. Therefore, proceeding with the current trial date would likely be impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Accordingly, the Court ORDERS:

1. The May 17, 2021 jury trial is CONTINUED to November 15, 2021.
2. The April 5, 2020 pretrial motions deadline is CONTINUED to October 4, 2021.
3. The period from the date of this order up to and including November 15, 2021 is an excludable time period under 18 U.S.C. § 3161(h)(7)(A).

DATED this 6th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE