UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>GREGORY TIFT,<br><br>                Defendant. | Case No. CR20-168 JCC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO PROCEED *PRO SE* AND ORDERING STANDBY COUNSEL |

### I.    INTRODUCTION

This matter is before the Court on Defendant Gregory Tift's Motion to Go *Pro Se* as referred to the undersigned by the Honorable John C. Coughenour. (Dkt. # 31.) The government filed a response (dkt. # 32) and Mr. Tift filed a brief in support of his motion (dkt. # 34). The Court held a hearing on December 1, 2021, giving Mr. Tift, his current counsel, Robert Goldsmith, and the government's counsel, Casey Conzatti, an opportunity to be heard. (Dkt. # 36.) Having considered the parties' submissions, the hearing, the balance of the record, and the governing law, the Court GRANTS Mr. Tift's motion.

## II. BACKGROUND AND LEGAL AUTHORITY

Mr. Tift is charged with one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 846, and one count of Possession of Controlled Substances with the Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

The Sixth Amendment not only guarantees the right to counsel, but also "guarantees the converse right to proceed without counsel at trial." *United States v. Farias*, 618 F.3d 1049, 1051 (9th Cir. 2010) (citing *Faretta v. California*, 422 U.S. 806, 814–15 (1975)). In order to invoke this right, "a criminal defendant must make a timely 'unequivocal, voluntary, [and] intelligent request.'" *Id.* (quoting *United States v. Maness*, 566 F.3d 894, 896 (9th Cir. 2009)). "Once a defendant makes an unequivocal request to proceed *pro se*, the court must hold a hearing—commonly known as a *Faretta* hearing—to determine whether the defendant is knowingly and intelligently forgoing his right to appointed counsel." *Id.* at 1051-52. In order to establish that a defendant has knowingly and intelligently waived his right to counsel, the Ninth Circuit requires that the Court "make the defendant aware of '(1) the nature of the charges against him; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation.'" *Id.* at 1051 (quoting *United States v. Farhad*, 190 F.3d 1097, 1099 (9th Cir. 1999)).

"[A] timely request to proceed *pro se*—made unequivocally, knowingly and intelligently—must be granted so long as it is not made for purposes of delay and the defendant is competent." *Farias*, 618 F.3d at 1052 (citing *Maness*, 566 F.3d at 896).

## III. DISCUSSION

At the hearing and in his briefing, Mr. Tift unequivocally requested to proceed *pro se*. (*See* dkt. # 34.) No party has suggested he is not competent to do so. Mr. Tift represented that he

has familiarized himself with the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, this Court's Local Criminal Rules, and Washington's Rules of Professional Conduct. (Dkt. # 34 at 2-3.) He has experience representing himself in litigation, albeit civil, in federal court. (*Id.* at 3-4.) At the hearing, the government explained the charges against Mr. Tift, the maximum sentences the charges entail, and the other penalties and conditions he may face if convicted. Mr. Tift acknowledged he understood all of this and was, in addition, familiar with the Sentencing Guidelines, including reasons for upward and downward departures. Mr. Tift even suggested that there should be more than a three-point reduction for acceptance of responsibility, evidencing his understanding as to how the guidelines are employed.

The Court finds Mr. Tift is competent to make the decision to proceed *pro se*, and has made an unequivocal, knowing, and intelligent request to do so. There is no indication that the request is made for purposes of delay. Accordingly, the Court must grant Mr. Tift's request to proceed *pro se*. *See Farias*, 618 F.3d at 1052.

Mr. Tift also requested that he not be given standby counsel. At the hearing and in his briefing, however, Mr. Tift requested assistance with legal research, investigation, and other administrative services and expressed hope that he could obtain Criminal Justice Act ("CJA") funds for this purpose. (*See* dkt. # 34 at 5.) The Court cautioned Mr. Tift against relying on CJA funds, which are not guaranteed, and Mr. Tift stated he would choose to proceed *pro se* even without them. Mr. Tift also indicated at the hearing that, if he becomes overwhelmed by the difficulty of representing himself, he will request standby counsel. Mr. Tift acknowledged, however, the Court's and Mr. Goldsmith's admonition that requesting standby counsel at a later time may cause delay or put a new attorney in the untenable position of proceeding to trial without adequate preparation time. In his brief, Mr. Tift stated "standby counsel should be

limited to a role of advice outside of the courtroom only." (Dkt. # 34 at 4 n. 2.) Mr. Goldsmith agreed on the record that, if assigned to the standby counsel role, he would not interfere with Mr. Tift's handling of his case or provide unsolicited advice.

Considering the situation as a whole, the Court acknowledges Mr. Tift's request to dispense with standby counsel but concludes that retaining standby counsel provides Mr. Tift the best opportunity to have representation, if necessary, without unduly delaying his case.

## IV.   CONCLUSION

Mr. Tift's request to proceed *pro se* is hereby GRANTED. His request that standby counsel not be appointed is DENIED. Mr. Goldsmith shall act as standby counsel.

The Clerk is directed to provide Mr. Tift access to the Court's electronic filing system. The Clerk is further directed to send copies of this order to the parties and to the Honorable John. C. Coughenour.

DATED this 2nd day of December, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge