# United States District Court for the Western District of Washington (Seattle)

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE: 2:20-cr-00168 JCC** |
| Plaintiff | **Defendants supporting brief of Attorney Robert Goldsmith leave of court to withdrawal.** |
| **vs.** | |
| Gregory Tift | Noted for December 17, 2021, before Michelle Peterson. Without oral argument |
| Defendant | |

**COMES NOW: GREGORY TIFT** by way of self-representation and joins the motion to withdraw submitted by Robert Goldsmith standby counsel, Court Docket 39. On December 2, 2021, defendant's motion to appear pro se was granted, with Robert Goldsmith assigned standby counsel. Stated in the order Mr. Goldsmith agreed on the record that, if assigned to the standby counsel role, he would not interfere with Mr. Tift's handling of the case or provide unsolicited advice. *See* dkt # 37 at 4 n. 1-4. Standby counsel has made interference with Defendant. If the court requires more discussion parties can disclosed this in camera as not to compromise the standby attorney client privilege or embarrassment.

JOINER IN WITHDRAW OF COUNSEL

Gregory Tift
PO Box 12190
Mill Creek WA 98082, 206-799-5012
Gregorycourtmail@mail.lawguru.com

Mr. Goldsmith is asking for leave of court to withdraw at defendant's request. Defendant is injecting himself into this Motion of Goldsmith withdrawal for clarification and to [firmly] state he agrees with the withdrawal and freely assents to his termination as standby.

## BACKGROUND /DISSCUSSION

On December 6, 2021 Attorney Robert Goldsmith herein referred to as standby filed a thread bare motion with the court for an order to withdraw. The motion references at Mr. Tift's explicit request I am moving to withdraw. The defendant "Tift" since December 2, 2021, has been self-represented in that short timeframe "Tift" has become aware that even a standby counsel becomes an ineffective assistance to defendant even if ordered to remain on as an understudy. Defendant and Standby are in stark contrast along with contention surfacing with passive aggressive remarks by standby[1].

---

[1] Defendant has learned in the past and current that Standby has failed to make a reasonable effort to establish a relationship of trust and confidence with defendant *see* dkt. # 30 Transcript *id.at* P,5  2-13 ref discovery deficiencies. Defendant counsel "Standby" was not effective pretrial assistance. Defendant has communicated with AUSA Casey Conzatti the parties agree to a much-needed discovery conference and discussion of a continuance. Defendant faces a dilemma of chasing down his discovery from his previous attorney creating a prejudice to his defense this is counterproductive to the case. Tift's puzzling view as a lay person and while conducting interviews with criminal attorneys is that 97% of Criminal attorneys attempt to negotiate defendants [into prison] (*Plea agreements*). An accused most powerful defense is the safeguards created by the US Constitution as well as, Brady v. Maryland and its progeny to disclose exculpatory materials and information. Defendant has always maintained the supplied discovery was incomplete. The AUSA has no easy job here to prosecute a case. The USA, AUSA, "Casey Conzatti" has been courteous, professional, and transparent to ensure defendant will receive all relevant discovery to prepare for trial. The CJA also has given defendant access to what is available funding and the interworking's of achieving the usefulness of CJA funds, pursuant to this knowledge defendant is assembling his legal team. With every hour defendant confidence rises, defendant prior statement as to overwhelming is diminished. Dkt # 34 at 5. As stated by defendant on the record during the December 1st, 2021, *Faretta* hearing a self-represented party must first prove himself worthy before the court to appear pro se even if it is his constitutional right. Defendant, request the court not apply an unconscious basis on defendant Tift's ability to defend as a basis to deny standby withdrawal. *Ref*  https://implicit.harvard.edu/implicit/takeatest.html.

JOINER IN WITHDRAW OF COUNSEL

Gregory Tift<br>
PO Box 12190<br>
Mill Creek WA 98082, 206-799-5012<br>
Gregorycourtmail@mail.lawguru.com

On December 3, 2021, Tift ask standby pursuant to what he applied as standby participation for a solicited opinion. Standby replied [2] and cited United States v. Salerno, 81 F.3d 1453, 1456 n.2 (9th Cir. 1996). A review of that case has brought to light some more basis as to the ineffectiveness of a standby counsel or advisory. Set forth below is the circuit opinion.

**ALARCON, Circuit Judge:**

This appeal presents a novel question: Does section 3006A of the Criminal Justice Act require a district court to compensate an attorney who serves solely as an advisor at the request of an indigent defendant who has asserted his or her right to self-representation? We conclude that section 3006A does not authorize a district court to compensate an attorney whose service as a legal advisor is requested by the defendant.

The above case sited begs the question as to compensation pursuant to Section 3006 of the CJA. The case status is defendant is in full preparation for trial, with all the same funding resources, along with the knowledge to tap those funds to include Circuit expert presumptive and service provider hourly rates. The CJA local office also has provided defendant a list of investigators, defendant is in the process of vetting those investigators, as well as forensic chemist and a jury consultant. Defendant understands Evidence Rule 901expert testimony evidence can be used at trial. There is no set of circumstances that the court can apply that will predict the outcome of defendants pro se representation and the effectiveness of the standby counsel involvement, this would require the court to possess a crystal ball. Mr. Goldsmith has not made the distinction of standby as demonstrated on his signature page *see* dkt. # 39 p 1 and again p 2.*, Attorney for defendant*

_____

[2] "What is more, identifying issues, research and writing are what lawyers do. So do it yourself, counsel."

JOINER IN WITHDRAW OF COUNSEL

Gregory Tift
PO Box 12190
Mill Creek WA 98082, 206-799-5012
Gregorycourtmail@mail.lawguru.com

Mr. Goldsmith mere presence appearing on the case summary page, creates a pushback from cooperation of experts and pretrial release of essential information that may aid defendant's defense. His exit will create no prejudice or delay where later his involvement does.

## ISSUE BEFORE THE COURT

Should standby counsel be allowed to withdraw without compromising the defendants defense? Or create any unnecessary delay in the case? Should defendant be forced into ineffective, adverse effects cause by standby?

## LEGAL MEMORANDUM

The self-represented defendant can find little case law as to standby counsel withdrawing once appointed, the most defining case of standby participation is McKaskle v. Wiggins, 465 U.S. 168 (1984). Defendant therefore at the court's discretion has cited what he believes is a supporting legal authority to assist in a lawful decision to allow standby to withdraw, (*Standby, Counsel and advisory counsel are use here in interchangeably*. The local Court rule of CrR 5g (4) refers Withdraw of Attorneys to Local Civil Rule LCR 83.2(b) Withdrawal of Attorneys (1) No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3). Leave shall be obtained by filing a motion or a stipulation and proposed order for withdrawal or, if appropriate in a criminal case, by complying with the requirement of CrR 5(g).

JOINER IN WITHDRAW OF COUNSEL

Gregory Tift
PO Box 12190
Mill Creek WA 98082, 206-799-5012
Gregorycourtmail@mail.lawguru.com

A motion for withdrawal shall be noted in accordance with LCR 7(d)(3) or CrR 12(b) (criminal cases). A Decision of this court should be made within the context of a potentially adverse impact on the Defendant, in the present case their may be a competing interest here as standby has demonstrated, pride, bias and resentment behavior having more of adverse effect to defendant. There has been a breakdown in the attorney-client relationship. Specifically… It is within the defendant's right to seek counsel of their choice. See Bland v. California Dep't of Corrections, 20 F.3d 1469, 1474-75 (9th Cir. 1994) (holding the defendant has a constitutional right to be represented by an attorney-client relationship devoid of conflict). Like in Bland, the motion is timely, as it is before trial. See id. at 1475. Here in, the defendant will not be prejudiced if **Standby**, **Attorney**, **Advisory** withdraws, as there is a plenty of time to retain new standby counsel. See generally Henderson v. Duncan, 779 F.2d 1421, 1424–25 (9th Circuit 1986) (stating that non-delay is a factor in determining that there is no prejudice). Defendant has been empowered under his constitutional right to appear pro se, self-represented along with the court's approval Dkt. # 37 Nonetheless, prejudice need not be shown when the constitutional right to representation is at play. See Crandell v. Bunnell, 144 F.3d 1213, 1215 (9th Cir. 1998) (no prejudice need be shown in a motion to substitute counsel.) in Tift's case defendant is in fact a substitute counsel.

## CONCLUSION

As demonstrated by this supporting brief and taking into consideration the totality of circumstance and applying adequate cause, Withdrawal of Mr. Goldsmith as standby counsel should be granted, wherefor that defendant may seek replacement if determine.

JOINER IN WITHDRAW OF COUNSEL

Gregory Tift
PO Box 12190
Mill Creek WA 98082, 206-799-5012
Gregorycourtmail@mail.lawguru.com

There is no prejudice to any party by standby departure and no unnecessary delay.

The defendant continues to demonstrate his working knowledge of courts while appearing pro se.

Respectfully

Dated this December 13, 2021

<u>*s/Gregory S. Tift*</u>

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13 day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent electronically to the Assistant U.S. Attorney, counsel of record for the Government and any other party requiring notice.

Casey Siobhan Conzatti
UNITED STATES ATTORNEY'S OFFICE
700 STEWART STREET
STE 5220
SEATTLE, WA 98101
206-553-4254
Email: casey.conzatti@usdoj.gov
ATTORNEY TO BE NOTICED


Robert Goldsmith
Standby Counsel
bobgoldsmith52@gmail.com

JOINER IN WITHDRAW OF COUNSEL

Gregory Tift
PO Box 12190
Mill Creek WA 98082, 206-799-5012
Gregorycourtmail@mail.lawguru.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINER IN WITHDRAW OF COUNSEL

Gregory Tift
PO Box 12190
Mill Creek WA 98082, 206-799-5012
Gregorycourtmail@mail.lawguru.com