THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY TIFT,<br><br>　　　　　　　　　Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

　　　This matter comes before the Court on motion of Defendant's former counsel, Robert Goldsmith, to seal (Dkt. No. 48) Defendant's brief in response to Mr. Goldsmith's motion to withdraw as counsel (Dkt. No. 46). Having thoroughly considered the motion to seal and the relevant record, the Court hereby DENIES the motion for the reasons explained below.

　　　In fall 2020, Defendant Gregory Tift was indicted for conspiracy to distribute controlled substances and possession of controlled substances with intent to distribute. (Dkt. No. 3.) Late last year, the Court granted Mr. Tift's motion to proceed *pro se*. (Dkt. No. 37.) Mr. Goldsmith was appointed as standby counsel but then moved successfully to withdraw as counsel. (Dkt. Nos. 37, 39, 47.) Mr. Tift filed a "response" to Mr. Goldsmith's motion to withdraw, in which he castigated Mr. Goldsmith and raised various grievances but ultimately advocated for allowing him to withdraw as counsel. (*See* Dkt. No. 46.)

　　　Mr. Goldsmith now moves to seal Mr. Tift's *pro se* response to his motion to withdraw as

standby counsel. (Dkt. No. 48.)¹ Mr. Tift opposes. (Dkt. No. 61 at 2 (citing Dkt. No. 46).) Mr. Tift titled that pleading "supporting brief" (Dkt. No. 46 at 1) and now refers to it as a "joinder to the motion" to withdraw, indicating that he filed the document because he believed Mr. Goldsmith's motion to withdraw was inconsistent with the Local Civil Rule governing attorney withdrawal. (*See* Dkt No 61 at 1 (citing LCR 83.2(b)).) Much like the response brief itself in relation to the withdrawal request,² it is unclear how any of this is relevant to the issue before the Court—whether to seal the response brief.

"[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome this presumption, there must be a "compelling reason" for sealing sufficient to outweigh the public's interest in disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (applying the "compelling reason" test to motions to seal documents "more than tangentially related to the merits of a case"). Having reviewed Mr. Goldsmith's motion, Mr. Tift's opposition, and the document in question, the Court finds no reason to maintain Mr. Tift's response to the motion to withdraw under seal.

Accordingly, Defendant's motion to seal (Dkt. No. 48) is DENIED. The Court hereby ORDERS that Docket Number 46 be unsealed.

//

---

¹ Initially, there was confusion as to which document Mr. Goldsmith is requesting the Court to seal. (*See* Dkt. Nos. 48 at 1; 51 at 1.). The Court issued clarification in a minute order and provided additional time for Mr. Tift to file a response. (*See* Dkt. No. 58.)

² LCrR 1(a) indicates that LCR 83.2(b) governs withdrawal of attorneys. LCR 83.2(b) states that "[a] motion for withdrawal shall be noted in accordance with . . . CrR 12(b)" in criminal cases. But LCrR 12(b) only allows a "party *opposing* the motion" to file "a brief in opposition to the motion." LCrR 12(b)(2) (emphasis added). Nothing in LCrR 12(b) authorizes a party other than the movant to file a supporting brief—and it would be particularly inappropriate to consider such a brief that merely maligns the movant but ultimately supports the requested relief. The Court notes that the Magistrate Judge's order granting Mr. Goldsmith's motion to withdraw makes no mention of, and presumably did not consider at all, Mr. Tift's improper response brief. (*See generally* Dkt. No. 47.)

ORDER
CR20-0168-JCC
PAGE - 2

DATED this 17th day of February 2022.

John C. Coughenour  
UNITED STATES DISTRICT JUDGE