THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY TIFT,<br><br>　　　　　　　　Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on the motion of *pro se* Defendant Gregory Tift for a bill of particulars (Dkt. No. 62), motion for an extension of time to reply (Dkt. No. 69), and motion to strike surplusage from the indictment (Dkt. No. 63). Having thoroughly considered the motion and the relevant record, the Court hereby DENIES the motions for the reasons explained below.

I.   **BACKGROUND**

In fall 2020, Defendant Gregory Tift was indicted for conspiracy to distribute controlled substances and possession of controlled substances with intent to distribute. (Dkt. No. 3.) The superseding indictment alleges that Mr. Tift and others possessed—and knowingly and intentionally conspired to distribute—controlled substances including fentanyl, methamphetamine, amphetamine, and MDMA. (*Id.* at 1–2.)

II.   **BILL OF PARTICULARS**

Mr. Tift seeks a bill of particulars specifying the date he and others allegedly entered the

conspiracy, whether the alleged "detectable amount" of drugs is measured in composite or actual weight, the nature of "foreseeable conduct" engaged in by other members of the conspiracy, and the nature of the event(s) and statements the Government intends to rely on to prove its case. (Dkt. No. 62 at 2–4.) In appropriate circumstances, the Court can order the Government to produce such a bill. Fed. R. Crim. P. 7(f); *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). However, this matter does not present such circumstances.

The purpose of a bill of particulars is "to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense." *Mitchell*, 744 F.2d at 705. It is appropriate where an indictment is insufficient to permit the preparation of an adequate defense." *United States v. DiCesare,* 765 F.2d 890, 897 (9th Cir. 1985). But a "defendant is not entitled to know all the evidence the [G]overnment intends to produce . . . only the theory of the [G]overnment's case." *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965). Here, the superseding indictment clearly establishes the Government's theory of its case: It specifies the primary area where Mr. Tift allegedly conspired to distribute and possess illegal substances, as well as the names and amounts of those substances. (*See* Dkt. No. 41 at 1–2.) Further, Mr. Tift has received full discovery, which "obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180. (9th Cir. 1979). The discovery included, among other information, application details for the various surveillance techniques used by the Government, search warrant applications for Mr. Tift's residence and the residence of an alleged coconspirator, laboratory reports, and the statement of a coconspirator. (*See* Dkt. No. 65 at 4.) This is sufficient to apprise Mr. Tift of the Government's theory of its case.

The information Mr. Tift seeks, such as the names of unknown informants or the evidence upon which the Government intends to rely on to prove the element of knowledge (Dkt. No. 62 at 3), would ostensibly constitute *evidentiary details*, which do not properly warrant a bill

ORDER
CR20-0168-JCC
PAGE - 2

of particulars.[1] *See United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985) (citing *United States v. Long*, 449 F.2d 288, 294–95 (8th Cir.1971), for proposition that seeking the date a conspiracy allegedly began does not warrant bill of particulars), s*ee also United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981) (holding that a defendant "has no right to know the details of the evidence to be introduced by the Government"). Accordingly, the motion for a bill of particulars is DENIED.

### III.   SURPLUSAGE IN INDICTMENT

Mr. Tift further requests that the Court order the Government to strike as surplusage the use of the word "fentanyl" as a descriptor from the indictment. (Dkt. No. 63 at 2.)

"The Court on motion of the defendant may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges. *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir.1988). Thus, the defendant must show that the language in the indictment is both irrelevant to the charges and prejudicial. *United States v. Laurienti*, 611 F.3d 530, 546-47 (9th Cir. 2010).

Mr. Tift argues the word "fentanyl" is "irrelevant as it does not tend to prove the charges made against Mr. Tift, but, rather, is an attempt to add prejudicial language that is not present in the Code." (Dkt. No. 63 at 2.) He argues as the word is not contained in the United States Code and is simply a "buzzword." (*Id.* at 3.) The Government counters that "fentanyl" is one of the substances Mr. Tift is charged with having possessed and distributed and is listed under Schedule

---

[1] Mr. Tift also requests an extension of time to reply the Government's response on the grounds that he needed more time to review evidence provided by the Government to ensure it is complete. (*See* Dkt. No. 69.) As the Government notes, Mr. Tift never argues he was not given discovery or that specific discovery is missing. (*See* Dkt. No. 71 at 1–2 (citing Dkt. No. 69).) The Court FINDS that Mr. Tift has adequate notice of the Government's theory of the case from the indictment, and the record supports his receipt of discovery from the Government. Additional time to review such discovery is not necessary to determine whether the bill of particulars that Mr. Tift has already moved for is warranted. The motion for an extension of time is DENIED.

II of 21 U.S.C. § 812. (Dkt. No. 70 at 3.) The name of a substance central to the Government's allegations against Mr. Tift is clearly relevant to the charges. Mr. Tift points to no caselaw where the Court has found otherwise. His motion to strike is thus DENIED.

## IV.     CONCLUSION

For the above reasons, Defendant's motion for a bill of particulars (Dkt. No. 62), his motion for an extension of time to reply to the Government's response (Dkt. No. 69), and his motion to strike surplusage from the indictment (Dkt. No. 63). are DENIED.

DATED this 24th day of February 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE