THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY TIFT,<br><br>　　　　　　　　Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on the motion of *pro se* Defendant Gregory Tift for reconsideration of the Court's order (Dkt. No. 77) denying his motion to strike surplusage from the indictment (Dkt. No. 63). Having thoroughly considered the motion and the relevant record, the Court hereby DENIES the motion for the reasons explained below.

**I.　BACKGROUND**

In December 2021, Defendant Gregory Tift was charged by superseding indictment with conspiracy to distribute controlled substances and possession of controlled substances with intent to distribute. (Dkt. No. 41.) The superseding indictment alleges that Mr. Tift was involved in a conspiracy to distribute "N-phenyl-N-1-(2-phenylethyl)-4-piperidynal propenamide (fentanyl)" and various other drugs in violation of federal law. (Dkt. No. 41 at 1.) The Court denied Mr. Tift's motion strike the word "fentanyl," which appears throughout the indictment, as surplusage. (*See* Dkt. Nos. 41, 63, 75.) Mr. Tift asks the Court to reconsider that denial. (Dkt. No. 77.)

## II.   DIISCUSSION

Local Civil Rule 7(h) cautions that "[m]otions for reconsideration are disfavored. The [C]ourt will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or . . . of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).

In his motion to reconsider, Mr. Tift argues he was charged under 21 U.S.C. § 841, which does not expressly include the word "fentanyl," and that it is irrelevant that the word "fentanyl" is used in Schedule II because he "is not charged with possession or conspiracy regarding a Schedule II substance." (Dkt. No. 77 at 3–5.) This is not a new argument, (*see* Dkt. Nos. 63 at 2–3, 72 at 2), rather, it appears to be a continued misunderstanding regarding the United States Code.

The indictment charges Mr. Tift with, among other things, offenses involving a detectable amount of fentanyl in violation of 21 U.S.C. § 841(b)(1)(B), "[a]ll in violation of Title 21, United States Code, Section[] 841(a)(1)." (Dkt. No. 41 at 1.) Section 841(a)(1) describes the prohibited conduct—*i.e.*, to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent manufacture, distribute or dispense, a *controlled substance*. Section 841(b)(1)(B) establishes required penalties depending on how much of a particular controlled substance was involved. But the fact that § 841(b)(1)(B) does not use the word "fentanyl" is irrelevant because the term "controlled substance," as used in § 841(a)(1), means "a drug other substance . . . included in schedule I, II, III, IV, or V" of the Controlled Substances Act—not just the specific subsection that specifies penalties for certain amounts. *See* 21 U.S.C. § 802(6).

As Mr. Tift acknowledges, "fentanyl" is indeed a controlled substance under Schedule II. *See* 21 U.S.C. § 812 at Sch. II(b)(6); (*see also* Dkt. No. 77 at 3). The Court must conclude as it did in the order at issue: "The name of a substance central to the Government's allegations against Mr. Tift is clearly relevant to the charges." (*See* Dkt. No. 75 at 4.)

Mr. Tift further argues "regardless of its supposed relevance" the term is nonetheless unfairly prejudicial. (*See id.* at 5.) But to meet his burden in his underlying motion, he had to

demonstrate the language is *both* irrelevant to the charges *and* prejudicial. *United States v. Laurienti*, 611 F.3d 530, 546-47 (9th Cir. 2010).

Accordingly, his motion to reconsider the Court's denial of strike surplusage from the indictment (Dkt. No. 77) is DENIED.

DATED this 17th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR20-0168-JCC
PAGE - 3