Case 2:20-cr-00168-JCC   Document 91   Filed 04/08/22   Page 1 of 2

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>GREGORY TIFT,<br><br>      Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Gregory Tift's *pro se* motion to compel the Government to permit a defense expert to independently test drug evidence (Dkt. No. 83). Having thoroughly considered the motion and the relevant record, and for good cause shown, the Court hereby GRANTS the motion for the reasons explained below.

In September 2020, Mr. Tift was indicted for conspiracy to distribute controlled substances and possession of controlled substances with intent to distribute. (Dkt. No. 3.) Following a conferral with the Government, Mr. Tift now moves for the release of physical evidence for independent examination by a defense expert. (Dkt. No. 83 at 1.)

The Government must allow the defense to inspect tangible items "if the item is within the [G]overnment's possession, custody, or control" and either "the item is material to preparing the defense," "the [G]overnment intends to use the item in its case-in-chief," or "the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(e). If the Government does

not provide such opportunity, a court may "order that party to permit the discovery or inspection. . . and prescribe other just terms and conditions." Fed. R. Crim. P. 16(d)(2).

The motion is in keeping with the purpose of Rule 16 and the Government does not oppose it. (Dkt. No. 83 at 2.) Accordingly, Defendant's motion for outside testing of the evidence (Dkt. No. 83) is GRANTED, subject to the following conditions:

1. The government is ORDERED to supply Mr. Tift's defense expert with sufficient samples of the alleged drugs to be introduced as evidence to allow a qualified independent expert to perform an analysis.

2. The examination and testing of the alleged drug samples shall take place in the presence of a law enforcement officer/agent designated by the United States Attorney for the purpose of preserving the chain of custody and the admissibility of the evidence. Any residue remaining shall be given to the designated law enforcement officer/agent in order to ensure recovery by the Government. *See United States v. Pollock*, 402 F. Supp. 1310, 1312 (D. Mass. 1975).

3. Any expert selected by Mr. Tift to conduct the testing must be authorized under the laws of the United States to possess controlled substances. In order to preserve the current trial date of September 12, 2022, Mr. Tift shall have all testing completed as soon as is reasonably practicable, but no later than August 19, 2022.

DATED this 8th day of April 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE