THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GREGORY TIFT,<br><br>　　　　　　Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion for the entry of a protective order restraining certain forfeitable property (Dkt No. 97) and the motion of Third Party Intervenor Rebecca Johnson for return of the same (Dkt. No. 92).[1] Having thoroughly considered the motions, responses, and the relevant record, and for good cause shown, the Court hereby GRANTS the Government's motion and DENIES the Third Party Intervenor's motion for the reasons explained below.

Defendant Gregory Tift was indicted for conspiracy to distribute controlled substances and possession of controlled substances with intent to distribute. (Dkt. No. 3.) During the June 2020 search of Mr. Tift's residence in Mill Creek, Washington, the Government seized $10,000

---

[1] Defendant Gregory Tift also moved for the return of $1,000 found in his vehicle (Dkt. Nos. 79, 80 (corrected)). The Government agreed to return this property and Mr. Tift later confirmed that he has received it. (Dkt. Nos. 104 at 1, 5, 106 at 2.) The Court thus DENIES Mr. Tift's motion (Dkt. No. 79) as moot.

in U.S. currency ("the Property"). (Dkt. No. 97 at 1.)

Rebecca Johnson lived at the residence with Defendant Tift. (Dkt. No. 96 at 1.) She moved under Federal Rule of Criminal Procedure 41(g) for the return of the money seized during the search, which she asserts legally belongs solely to her. (Dkt. No. 92 at 1.) The Government objects, and moves for a protective order restraining the Property. (Dkt. No. 97.)

### I. Third Party Claimant's Rule 41(g) Motion

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for its return under Federal Rule of Criminal Procedure 41(g). The rule provides an equitable remedy and is thus not available when a claimant has an adequate legal remedy. *United States v. Premises of 2nd Amend. Guns, LLC*, 917 F. Supp. 2d 1120, 1122 (D. Or. 2012). A Rule 41(g) motion is properly denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991).

Here, criminal proceedings are ongoing, and the Government has alleged in the Superseding Indictment that the Property is subject to forfeiture. (*See* Dkt. No. 41 at 3.) The Court thus DENIES Ms. Johnson's request. Ms. Johnson will have the opportunity to assert legal claim to the property through forfeiture proceedings following the conclusion of this criminal matter. *See* Fed. R. Crim. P. 32.2(b)(2)(A), (c).

### II. The Government's Motion to Restrain Forfeitable Property

The Government's seeks to restrain the Property, which for the avoidance of doubt, consists of the following:

- $ 10,000 in U.S. currency, seized on June 3, 2020, during the search of the Defendant Tift's residence in Mill Creek, Washington. (Dkt. No. 97 at 1.)

Having reviewed the papers and pleadings filed in this matter, including the United States' motion, the supporting Declaration of FBI Special Agent Gregory Leiman, the Court

hereby FINDS entry of a protective order restraining the Property is appropriate for the following reasons:

- The United States gave notice of its intent to pursue forfeiture of the Property in the Indictment filed on September 30, 2020, (Dkt. No. 3), and the Superseding Indictment filed on December 8, 2021, (Dkt. No. 41);
- Based on the facts set forth in SA Gregory Leiman's declaration, there is probable cause to believe the Property may, upon Defendant's conviction, be forfeited in this case; and
- To ensure the Property remains available for forfeiture, its continued restraint, pursuant to 21 U.S.C. § 853(e)(1), is appropriate.

Accordingly, the Government's motion for a protective order restraining the Property pending the conclusion of this case (Dkt. No. 97) is GRANTED. The Court hereby ORDERS that the Property shall remain in the custody of the United States, and/or its authorized agents or representatives, pending the conclusion of this criminal case, to include any ancillary forfeiture proceedings, and/or further order of this Court.

Third Party Claimant Rebecca Johnson's motion (Dkt. No. 92) is DENIED.

DATED this 9th day of June 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE