THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>GREGORY TIFT,<br><br>                Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Gregory Tift's motion objecting to the order of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 110). Having thoroughly considered the motion and the relevant record, the Court hereby DENIES the motion for the reasons explained below.

In May 2022, Mr. Tift moved to modify his appearance bond to remove the condition requiring him to complete polygraph testing at the request of pretrial probation services. (Dkt. No. 107 at 4.) Magistrate Judge Tsuchida entered an order denying the motion, finding the polygraph testing condition was not overly burdensome. (Dkt. No 108 at 2.) Mr. Tift now asks the Court to "reverse the magistrate's order and modify his bond to eliminate the condition that he undergo a polygraph." (Dkt. No.110 at 5.) In its response to Mr. Tift's objection, the Government argues the condition is not overly burdensome and any small factual inaccuracies in the order are a result of Mr. Tift's own motion or inconsequential. (Dkt. No. 113 at 1–2.)

A party may serve and file objections to a magistrate judge's determination of a non-dispositive pretrial matter.[1] Fed. R. Cr. P. 59(a). A judge of the court may reconsider any such non-dispositive matter where it has been shown that the magistrate's order is clearly erroneous or contrary to law. *Id.*; 28 U.S.C. § 636(b)(1)(A). The Court finds no such error in Judge Tsuchida's order.

There is some uncertainty over the exact length of time required for Mr. Tift to travel to the testing facility from his home. (*See* Dkt. Nos. 108 at 2, 110 at 4, 113 at 2–3.) However, none of the cited travel durations pose an unreasonable burden for a pretrial condition that, as here, can only be required of Mr. Tift quarterly. And while he reiterates the financial burden of the testing fee and travel, Mr. Tift has not demonstrated it was contrary to the law to find that burden reasonable. (Dkt. No. 110 at 4–5.)

Accordingly, Defendant's motion is DENIED.

DATED this 23rd day of June 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Tift suggests the Court should conduct *de novo* review of Judge Tsuchida's order under Rule 59(b)(3). (Dkt. No. 110 at 4.) But Rule 59(b) concerns *recommendations* made in *dispositive* criminal pretrial motions. A "dispositive" matter is one that "may dispose of a charge or defense," such as a motion to dismiss or quash. *See* Fed. R. Crim. P. 59(b). "Objections to the ruling of a magistrate judge in a *non-dispositive* pretrial matter are governed by. . . Fed. R. Crim. P. 59(a) in a criminal case." Local Magistrate Judge Rule 3(b).