UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0168-JCC |
| Plaintiff, | ORDER |
| v. | |
| GREGORY TIFT, | |
| Defendant. | |

This matter is before the Court on the referral of the Honorable John C. Coughenour, the United States District Court Judge presiding over the prosecution of *pro se* Defendant Gregory Tift. Dkt. #112. Defendant filed a motion seeking (1) information and records from the grand jury proceedings that indicted him and (2) information and records related to the Court's general jury selection process and the specific process by which the indicting grand jury was empaneled. Dkt. #95. Under Federal Rule of Criminal Procedure 6(e)(2)(B), Judge Coughenour denied Defendant's motion, finding that Defendant failed to demonstrate a particularized need for the information and records he sought. Dkt. #112 at 1–2. Finding that the portion of Defendant's motion seeking information and records related to the empaneling of the grand jury was governed by the Court's jury plan and that the jury plan vests discretion in the Court's Chief Judge, Judge Coughenour referred that matter to the Undersigned for consideration. *Id.* at 3.

ORDER – 1

As is relevant there, section 4.09 of the Court's Amended Plan for the Random Selection of Grand and Petit Jurors ("Jury Plan") provides that

> [e]xcept as authorized by written order of the court, the names and information relating to any summoned or serving grand juror or grand jury panel will be confidential and not disclosed to any litigant or member of the public. Applications for disclosure of grand juror information must be made by motion to the Chief Judge and must set forth why disclosure should be allowed.

W.D. OF WASH. GENERAL ORDER 02-17 (Feb. 24, 2017) (adopting Jury Plan).

The Court first notes that Judge Coughenour's non-binding opinion was that Defendant had failed to demonstrate a particularized need for information or records related to the summoning and empaneling of the indicting grand jury. Dkt. #112 at 3. The Court agrees. Defendant does not articulate a particularized reason why the Court should allow disclosure. Defendant's desire to scour protected grand jury records with the unadorned hope of finding undotted "i"s and uncrossed "t"s upon which to build amorphous arguments is, overall, uncompelling.

Accordingly, having reviewed Defendant's motion, supporting documents, relevant briefing, and the remainder of the record, and to the extent Defendant seeks information and records subject to section 4.09 of the Court's Jury Plan, the Court hereby finds and ORDERS that Defendant's Motion for Production and Inspection of Grand Jury Minutes (Dkt. #95) is DENIED.

DATED this 12th day of July, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 2