THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GREGORY TIFT,<br><br>　　　　　　　Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion (Dkt. No. 127) to amend the second condition of the Court's prior order granting independent drug testing (Dkt. No. 91). The Government asserts Mr. Tift provided it with a list of 70 pills that he requested be sampled. (Dkt. No. 127 at 1.) According to the Government, the current condition requiring an agent to be present for testing would equate to approximately 23 hours over multiple days for such a large quantity of pills. (*Id.* at 2.) It thus asks that the condition be amended to allow the agent to hand deliver the pills to the lab rather than be present for the entirety of the testing.

Having thoroughly considered the motion and the relevant record, and for good cause shown, the Court hereby GRANTS the motion (Dkt. No. 127). Accordingly, Defendant's motion for outside testing of the evidence (Dkt. No. 83) is GRANTED, subject to the following *amended* conditions:

1. The Government is ORDERED to supply Mr. Tift's defense expert with sufficient samples of the alleged drugs to be introduced as evidence to allow a qualified independent expert to perform an analysis.

2. A law enforcement officer/agent designated by the United States Attorney's Office must hand deliver the alleged drug samples to the laboratory for the purpose of preserving the chain of custody and the admissibility of the evidence. Any residue remaining shall be given to the designated law enforcement officer/agent in order to ensure recovery by the Government. *See United States v. Pollock*, 402 F. Supp. 1310, 1312 (D. Mass. 1975).

3. Any expert selected by Mr. Tift to conduct the testing must be authorized under the laws of the United States to possess controlled substances. In order to preserve the current trial date of November 21, 2022, Mr. Tift shall have all testing completed as soon as is reasonably practicable, but no later than September 19, 2022.

DATED this 29th day of July 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR20-0168-JCC
PAGE - 2