THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0168-JCC |
| Plaintiff, | ORDER |
| v. | |
| GREGORY TIFT, | |
| Defendant. | |

This matter comes before the Court on Defendant Gregory Tift's motion to compel the Government to produce personnel files. (Dkt. No. 123.) Having thoroughly considered Defendant's motion and the relevant record, the Court hereby DENIES the motion without prejudice for the reasons explained herein.

Defendant is charged with Conspiracy to Distribute Controlled Substances, and Possession of Controlled Substances with Intent to Distribute, (Dkt. No. 3 at 1), and is representing himself *pro se.* (*See* Dkt. No. 37.) Defendant requests that the Court order the Government to produce the personnel files of law enforcement officers who will testify at trial so he may examine them for information pertinent to cross-examination.[1] (Dkt. No. 123 at 2.)

---

[1] Defendant originally requested the personnel files of all law enforcement personnel who will testify at trial. (*See* Dkt. No. 123 at 1.) Defendant appears to have abandoned this argument in his reply, instead requesting only federal employees' file. (*See* Dkt. No. 128 at 3–4.) The

The Government recognizes its obligation under *U.S. v. Henthorn* to examine personnel files of law enforcement witnesses, and to turn these materials over to the Court *in camera* or to Defendant if they contain information relevant to Defendant's case. 931 F.2d 29, 31 (9th Cir. 1991); (*see* Dkt. No. 124 at 2.) The Government is obligated to disclose these materials when prosecutors have "knowledge of and access to the documents sought by the defendant." *U.S. v. Shyrock*, 342 F.3d 948, 983 (9th Cir. 2003) (citing *U.S. v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995)). Defendant requests that these documents be turned over without delay. (Dkt. No. 128 at 4.) In response, the Government details its procedure for handling such requests (*see* Dkt. No. 124 at 2) and will presumably turn these materials over to Defendant as soon as it has "knowledge of and access to the documents" under this procedure.

Defendant's motion is premature. The Government has acknowledged its *Brady* obligations and expresses its intent to comply. Therefore, there is no need to order that it do so at this time. If the Government fails to provide these materials by the time of trial, Defendant may renew this motion. *See U.S. v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985) (finding no violation of *Brady* where defendant had access to requested information from the beginning of trial and made use of it in cross-examining a witness).

Accordingly, Defendant's motion (Dkt. No. 123) is DENIED without prejudice.

DATED this 29th day of July 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

Court notes that, as stated by the Government, (*see* Dkt. No. 124 at 3), and seemingly conceded by Defendant, (*see* Dkt. No. 128 at 2), the Government's obligation under *Henthorn* does not extend to personnel files under the control of state officials. *See U.S. v. Dominguez-Villa*, 954 F.2d 562, 565–66 (9th Cir. 1992).

ORDER
C20-0168-JCC
PAGE - 2