UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>     v.<br><br>GREGORY TIFT,<br><br>                    Defendant. | CASE NO. 2:20-cr-00168-JCC-1<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 205) |

## I     INTRODUCTION

This matter comes before the Court following the referral by Judge John C. Coughenour (Dkt. No. 205) of Defendant Gregory Tift's motion for recusal (Dkt. No. 203). For the reasons discussed herein, the Court AFFIRMS Judge Coughenour's refusal to recuse himself.

## II     BACKGROUND

Defendant Gregory Tift faces criminal charges for possession of controlled substances and conspiracy to distribute. (*See* Dkt. No. 41.) On May 26, 2023, Defendant moved for Judge Coughenour's recusal, alleging Judge Coughenour improperly received an ex parte

communication from his former attorney that would prejudice Judge Coughenour against him. (Dkt. No. 203). On May 30, 2023, Judge Coughenour declined to voluntarily recuse himself from the case and referred the motion to this court pursuant to Local Civil Rule 3(f).

### III    DISCUSSION

#### A.  Legal Standard

Local Civil Rule 3(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily. LCR 3(f). If the challenged judge declines to recuse voluntarily, they must direct the court clerk to refer the motion to the chief judge for their review. *Id.*

28 U.S.C. § 455(a) provides that a judge of the United States "shall disqualify himself" in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute further provides the judge must recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). 28 U.S.C. § 144 similarly requires recusal when "a party to any proceeding in district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted). A party must timely move for recusal and "[e]nforcing the timeliness of a recusal motion is necessary to prevent litigants from using § 455(a) for strategic purposes." *United States v. Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 2018)

#### B.  Ex Parte Declaration

Defendant argues the fact that his prior counsel filed an allegedly "prejudicial" ex parte declaration (Dkt. No. 50) to Judge Coughenour regarding certain aspects of their attorney-client communications merits Judge Coughenour's recusal. (Dkt. No. 203 at 3.) Specifically, Defendant appears to argue the filing of the ex parte declaration constitutes "extrajudicial knowledge" meriting recusal. (*Id.* at 6.)

The Court DENIES Defendant's motion to recuse based on the ex parte declaration as untimely. Defendant waited nearly a year and a half to move for recusal after this document was filed on the docket. Such delay is clearly untimely and signals strategic gamesmanship. *See Mikhel*, 889 F.3d at 1027.[1]

### C. Other Behavior

Defendant also appears to argue Judge Coughenour's behavior in a May 2, 2023 hearing indicates his bias and merits recusal.

Curtness or expressions of dissatisfaction by a judge are not sufficient to merit recusal. As the Supreme Court noted in *Liteky*:

> Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky v. United States*, 510 U.S. 540, 555–56 (1994). The transcript excerpts presented by the Defendant do not exhibit the requisite bias or prejudice necessary for recusal.

---

[1] Even if the Defendant had timely filed their motion for recusal based on the ex parte declaration, there is no express indication of bias on the part of Judge Coughenour in response to the declaration and Defendant cites to no case law indicating that mere receipt of an allegedly inflammatory ex parte declaration or motion merits recusal. *See United States v. Wecht*, 484 F.3d 194, 214 (3d Cir. 2007), *as amended* (July 2, 2007) ("[T]here are a number of circumstances where ex parte applications to the court are appropriate.").

## IV    CONCLUSION

Accordingly, the Court orders that Judge Coughenour's refusal to recuse himself from this matter (Dkt. No. 205) is AFFIRMED.

Dated this 5th day of June, 2023.



David G. Estudillo
United States District Judge