THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>GREGORY TIFT,<br><br>           Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to continue, (Dkt. No. 207), Defendant's motion to modify conditions of release, (Dkt. No. 208), and Defendant's motion *in limine*. (Dkt. No. 212.) The Court addresses each of these requests below.

**A. Motion to Continue**

Defendant moves to continue based on his need for additional time to prepare for trial. (Dkt. No. 207.) The Government opposes. (Dkt. No. 210.) The Court has granted Defendant several continuances, which ought to have provided him with ample time to prepare for trial. (*See* Dkt. Nos. 56, 126, 154, 164, 193). His claim to be "unready," (Dkt. No. 222 at 4), appears to demonstrate a lack of diligence on his part, given the five continuances the Court has granted since Defendant elected to proceed pro se. However, the Court weighs heavy Defendant's medical situation as a stroke survivor, and will therefore grant one final continuance. (*Id*. at 3.) Per Defendant's own affirmation, no more continuances "will be necessary" after this one. (*Id*. at

4.)

However, the Court must note that Defendant's claims regarding witness tampering are entirely without merit. There is no rule or case law that prohibits the Government from contacting a defense witness. *United States v. Little*, 753 F.2d 1420, 1440 (9th Cir. 1984) ("there is nothing improper with investigation of trial witnesses . . . such investigations are often necessary to collect information for cross-examination or impeachment purposes. A telephone call is an appropriate means to conduct such an investigation."). The Court finds that the Government provided legitimate reasons for contacting Defendant's expert witness. On April 6, 2023, Defendant submitted a declaration in support of a motion to continue, alleging the unavailability of his expert witness for the then scheduled trial of May 22, 2023. (Dkt. No. 178 at 3.) The declaration did not explain the reason for the unavailability. (*Id*.) The Government contacted the defense expert to inquire as to the reason, and the expert corrected several inaccuracies continued in Defendant's declaration, submitted on the expert's behalf, including the claim that the expert was unavailable for trial. (Dkt. No. 184.) The Court then held oral arguments to allow Defendant to explain this discrepancy. (Dkt. No. 192.) He either did not, or simply could not, adequately explain why he misrepresented facts to the Court. (*Id*.) Nonetheless, the Court granted Defendant a continuance. (Dkt. No. 193.) An additional continuance was granted to account for the Government's expert witness. (Dkt. No. 199.)

Nonetheless, for the reasons stated above, the Court FINDS that, taking into account the exercise of due diligence, the failure to grant a continuance would deny Defendant the reasonable time necessary for effective preparation, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and would therefore result in a miscarriage of justice, *see id.* (h)(7)(B)(i). Based on these findings, the Court concludes that the ends of justice served by granting a continuance outweigh the best interest of the public and of Defendant to a speedy trial, as set forth in § 3161(h)(7)(A).

Accordingly, the Court GRANTS Defendant's motion to continue (Dkt. No. 207) and ORDERS as follows:

1. The June 20, 2023 jury trial is CONTINUED until September 5, 2023.
2. The deadline for pretrials briefings is hereby extended from June 9, 2023 to August 25, 2023. The Government may file updated briefings if they wish.
3. The period from the date of this order through the new trial date, September 5, 2023, is excludable under 18 U.S.C. § 3161(h)(7)(A) and (h)(6).

**B. Modify Conditions of Release**

Defendant asks the Court to modify the conditions of his appearance bond to (1) purchase a second tablet unmonitored; and (2) to suspend polygraph testing. (*See generally* Dkt. No. 208.) The Defendant has not demonstrated how circumstances and the conditions of his release have changed such that computer monitoring is no longer necessary. Nor has he adequately explained why he must no longer be required to comply with polygraph testing. Accordingly, the Court finds that a modification of this condition is not warranted at this time. The Court therefore DENIES Defendant's motion. (Dkt. No. 208).

**C. Motion *in Limine***

Finally, Defendant also moves in limine to bar the instruction generally evidence at trial regarding fentanyl-related addictions, injuries, and overdoses. (Dkt. No. 212.) Defendant is instructed to review and comply with the Court's chambers procedures on its website, which states that "[a]ny motions in limine must be presented in a *joint brief . . .*" See https://www.wawd.uscourts.gov/judges/coughenour-procedures (emphasis added). Thus, Defendant's motion in limine (Dkt. No. 212) is STRICKEN. If Defendant wishes to file a renewed motion in limine, he should consult with the Government and submit a joint brief detailing each parties' position on the matter.

//
//
//
//

1  DATED this 8th day of June 2023.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE