THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>GREGORY TIFT,<br><br>                    Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

    This matter comes before the Court on Government's motion for offer of proof, (Dkt. No. 234), and Defendant's motion for pre-trial conference and special accommodations. (Dkt. No. 237.)[1] The Court addresses the requests below.

**A.  Offer of Proof**

    The Court understands, based on the Government's representation and Defendant's pre-trial submissions, that Defendant has subpoenaed over 30 witnesses for trial. (*See* Dkt. Nos. 234 at 1, 237 at 9.) To ensure minimal disruption at trial, and for the sake of judicial efficiency, the Court ORDERS Defendant to submit an *ex parte* offer of proof no later than August 28, 2023, identifying each witness he intends to call. It shall contain the following for each witness: (1) a brief description of who they are, (2) the nature of the testimony Defendant seeks to elicit from

---

[1] The Court departs from the briefing schedule to facilitate clear expectations ahead of the impending trial date.

ORDER
CR20-0168 JCC
PAGE - 1

them, and (3) the relevance of their testimony to his defense.[2] This will allow the Court to make evidentiary and procedural rulings regarding this testimony in the most expeditious manner possible.

**B. Motion for Pre-trial Conference**

The Court has also received Defendant's motion for a pre-trial conference, which operates ostensibly as a trial brief. (Dkt. No. 237.) With regards to the following specific requests and accommodations, the Court makes the following rulings:

- Defendant is free to utilize the services of a personal real-time transcriber *at Defendant's expense*, however, the Court DENIES his request to provide an automatic recess for him to review the transcript after every witness testifies;

- Defendant may request a recess during trial, however, the Court DENIES Defendant's blanket request for an automatic recess to "compensate for his memory conditions" before every cross examination;

- The Court DENIES Defendant's request to use the Government's table when he presents his defense;

- The Court DENIES Defendant's blanket request to approach the jury box during his presentation—if he seeks to leave the podium during trial, he may seek leave to do so at that time;

- Defendant may utilize and bring any helpful and reasonable demonstratives, however, the Court DENIES his request to be provided with a separate table covered in white cloth to use during his presentation;

- The Court DENIES Defendant's request for "unlimited minutes" during his opening and closing statements—parties will be limited to 60 minutes each during their respective presentations, absent further leave of the Court;

---

[2] This need not be an onerous endeavor; the purpose is to facilitate clear expectations ahead of trial. No more than four sentences per witness is required.

- The Court DENIES Defendant's request to *not* provide notepads to the jurors; meaning, notepads *will be provided* to jurors.

In general, the Court prefers to rule on trial-related matters contemporaneously. But, should additional issues require resolution prior to the start of trial, the Court will do so the morning of trial, on September 5, 2023, at 8:30 a.m.

Finally, the Court notes that Defendant's requests do not comply with the Court's chambers procedures, which states that "[a]ny motions in limine must be presented in a *joint brief* . . . ." *See* https://www.wawd.uscourts.gov /judges/coughenour-procedures (emphasis added). Moving forward, any pre-trial requests must be made through a joint brief detailing each parties' position on a matter. Otherwise, the Court will not consider the request.

DATED this 17th day of August 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE