THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY TIFT,<br><br>Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Gregory Tift's motions for a new trial (Dkt. No. 304) and to continue sentencing (Dkt. No. 307). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES both motions for the reasons explained herein.

I.  **BACKGROUND**

In late 2020, Defendant was initially charged with conspiracy to distribute controlled substances and possession of controlled substances with intent to distribute. (*See* Dkt. No. 3.) Over a year later, Defendant moved to proceed *pro se*. (Dkt. No. 31.) After a hearing and briefing on the matter, U.S. Magistrate Judge Michelle L. Peterson found Defendant competent to proceed *pro se* and granted the motion. (Dkt. No. 37.) The Government later attained a superseding indictment, alleging additional quantities of controlled substances. (Dkt. No. 41.)

On September 11, 2023, after a five-day trial, a jury found Defendant guilty on all counts.

(Dkt. No. 294.) Defendant now moves for a new trial. (Dkt. No. 304.) He also asks to continue his sentencing date, arguing the U.S. Pretrial Services and Probation Office cannot make an informed recommendation until Defendant attends certain ongoing medical treatment. (Dkt. No. 307 at 2–3.)

## II. DISCUSSION

### A. Motion for a New Trial

The Court may vacate a judgment and grant a motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). This decision "is within the sound discretion of the district court[.]" *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1212 (9th Cir. 1992) (citation omitted).

Here, to the extent the Court can discern Defendant's arguments, he asserts the following: (1) that the Court demonstrated bias against him; (2) that members of the jury overheard a sidebar discussion, resulting in jury bias; (3) that the Court infringed on his Sixth Amendment rights when it conducted *voir dire* on behalf of the parties; (4) that he was not competent to stand trial; (5) that the jury deliberations were tainted by an incorrect exhibit list borne of an allegedly improper meeting between the Government and Defendant's standby counsel; and (6) that the Court obstructed his ability to call witnesses, including himself. (*See* Dkt. No. 304 at 2–7.) The Court addresses each argument in turn.

#### 1. Court Bias Towards Defendant

Defendant first makes a generalized claim that the Court's conduct improperly influenced the jury. (*Id.* at 2.)[1] "[T]o prevail on a claim of judicial bias, a litigant must overcome a strong presumption that a judge is not biased or prejudiced." *Sivak v. Hardison*, 658 F.3d 898, 924 (9th Cir. 2011) (quotations omitted). "A new trial based on judicial misconduct is warranted only if,

---

[1] Defendant states he "struggled throughout the trial with fear of imprisonment" and that the Court "took every opportunity to shame the defendant for his performance as a *pro se* litigant." (*Id.*)

from the record, a judge's action shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." *Closson v. Bank of Am., NA*, 600 F. App'x 575, 576 (9th Cir. 2015) (citations omitted). Defendant fails to meet this standard. At best, what he points to could be described as instances where the Court "was appropriately upset with [his] conduct aimed at further stalling the trial." *Noli v. Comm'r*, 860 F.2d 1521, 1527–28 (9th Cir. 1988). Expressions of "impatience, dissatisfaction, annoyance, and even anger" are not evidence of judicial bias. *Liteky v. United States.*, 510 U.S. 540, 555–56 (1994); *see also Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 531 (9th Cir. 1986) (holding that trial judge's conduct was not improper when judge questioned witness, criticized counsel, and managed the pace of the trial). Accordingly, the Court DENIES Defendant's motion for a new trial on this basis.[2]

### 2. Jury Bias Due to Sidebar Discussion

Defendant next argues that jury members overheard a sidebar discussion, and that the discussion "[could] have possibly biased the jury pool." (Dkt. No. 304 at 6.) This argument fails for two reasons. First, the record plainly shows the jury did not hear the contents of the sidebar discussion. (*See* Dkt. No. 312 at 29.)[3] Second, even if the record *did* indicate that the jury overheard the discussion, Defendant fails to explain how this would warrant a new trial. On the contrary, the Court is given "substantial weight" in assessing the effect of information improperly learned by a jury. *United States v. LaFleur*, 971 F.2d 200, 206 (9th Cir. 1991). The Court DENIES Defendant's motion for a new trial on this basis.

### 3. The Court's Juror Examination

Defendant next argues the Court's decision to examine prospective jurors itself infringes

---

[2] Defendant also cites the Court's refusal to recuse itself prior to trial as evidence of bias, despite Chief Judge Estudillo affirming the Court's refusal. (Dkt. Nos. 203, 205, 213.) But Defendant provides no legal citation supporting this argument; moreover, he fails to explain how this demonstrates bias. (*See* Dkt. No. 316 at 2.)

[3] After the precipitating sidebar conversation, the Court asked the jury if "any of [them] were] able to hear what was being said at the sidebars." (*Id.*) When no juror indicated they were, the Court noted that it saw no response. (*Id.*)

ORDER
CR20-0168-JCC
PAGE - 3

1  on his Sixth Amendment rights. This is a misstatement of the law. There is no constitutional right
2  to personally question prospective jurors. *United States v. Marin-Torres*, 2014 WL 7405653, slip
3  op. at 1 (D. Or. 2014). Instead, courts have ample discretion in deciding whether to examine
4  prospective jurors or permit the parties to do so themselves. Fed. R. Crim. P. 24(a)(1); *Rosales-*
5  *Lopez v. United States*, 451 U.S. 182, 189 (1981).

6        When a court chooses to examine prospective jurors itself, it has discretion over whether
7  to ask the jury questions proposed by the parties. Fed R. Crim P. 24(a)(2). In this case, the Court
8  elected to examine prospective jurors on behalf of the parties. After questioning each prospective
9  juror individually, the Court asked whether the parties had additional questions for the jurors
10 (and indeed asked a question proposed by Defendant). (Dkt. No. 308 at 109.) The Court then
11 gave Defendant the opportunity to challenge prospective jurors. (*Id.* at 110.) Accordingly, the
12 Court's decision to conduct *voir dire* was an appropriate exercise of its discretion. The Court
13 thus DENIES Defendant's request for a new trial on this basis.

14                         4.   Defendant's Competency

15       Defendant next suggests, for the first time, that he was incompetent to stand trial. (Dkt.
16 No. 304 at 5.) For a defendant to be competent to stand trial, he must have a "sufficient present
17 ability to consult with his lawyer with a reasonable degree of rational understanding" and "a
18 rational and factual understanding of the proceedings against him." *Dusky v. United States*, 360
19 U.S. 402 (1960).[4] Defendant easily meets this standard. Furthermore, he cites no evidence for his
20 claim of incompetency and merely provides a definition of "erratic/inconsistent behavior." (*See*
21 Dkt. No. 304 at 5.) And notably, Magistrate Judge Peterson previously found Defendant
22 competent to make the decision to proceed *pro se*. (Dkt. No. 37 at 3.) Accordingly, the Court
23 DENIES Defendant's motion for a new trial on this basis.

---

[4] If a defendant requests to proceed *pro se*, a court may only approve such a request after a finding of the defendant's competency. *United States v. Farias*, 618 F.3d 1049 (9th Cir. 2010).

ORDER
CR20-0168-JCC
PAGE - 4

### 5. Jury Deliberations

Defendant next argues that jury deliberations were improper.

First, Defendant asserts a 45-minute jury deliberation was suspicious considering the voluminous record. (Dkt. No. 304 at 4.) But he provides no legal citation supporting the notion that a short deliberation is grounds for a new trial. (*See id.*)[5]

Second, Defendant argues a meeting between the Government and standby counsel was improper. (Dkt. No. 304 at 8.) Once a *pro se* defendant invites participation by counsel, any subsequent appearances by them are presumed to be with the defendant's approval unless the defendant unambiguously renews his request to have them not appear on his behalf. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Participation in basic courtroom procedures does not undermine the *pro se* defendant's right to control his own defense. *Id*. at 184. Here, Defendant's standby counsel met and conferred with the Government to confirm the admitted exhibits. (Dkt. No. 300 at 1–2.) Defendant alleges his absence precluded him from offering a stipulation into evidence, and thus undermined his right to control his own defense. (Dkt. No. 316 at 3.) The Court disagrees. And even if standby counsel's meeting with the Government somehow undermined Defendant's right to control his own defense, Defendant fails to show how it prejudiced him. (*See generally* Dkt. No. 304.) In fact, on the final day of trial, the Government reminded Defendant and the Court that there was an outstanding stipulation for Defendant to sign, which he apparently neglected to do. (Dkt. No. 312 at 63–64.)

The Court thus DENIES Defendant's motion for a new trial on this basis.

### 6. Witness Obstruction

Finally, Defendant alleges the Court obstructed his ability to testify on his own behalf and his ability to call a witness. (Dkt. No. 304 at 2, 5.)

---

[5] On the contrary, longer deliberations tend to indicate a difficult case while overwhelming guilt may require a short deliberation. *United States v. Velarde-Gomez*, 269 F.3d 1023, 1036 (9th Cir. 2001).

First, Defendant's claim that the Court infringed on his constitutional right to testify on his own behalf is unfounded. Defendants in criminal trials undoubtably have the constitutional right to testify on their own behalf. *Rock v. Arkansas*, 483 U.S. 44, 51 (1987). However, a trial court has no duty to advise a defendant of his right to testify, regardless of whether the defendant knew of this right. *United States v. Edwards*, 897 F.2d 445, 446–47 (9th Cir. 1990). Here, the Court repeatedly asked Defendant whether he had any additional witnesses. (Dkt. No. 312 at 52–54.) Eventually, Defendant responded "no" and rested his case. (*Id.* at 54.) At no point did Defendant indicate his intent to testify. (*See id.*) The Court not only did not infringe on Defendant's right to testify, but also affirmatively gave Defendant the opportunity to call himself to testify.

Second, the Court did not infringe on Defendant's ability to call an additional witness who, notably, gave notice of her intent to invoke her Fifth Amendment rights if questioned at trial. (Dkt. No. 256.) A trial court has broad discretion when determining whether to continue a trial in order for a party to secure the attendance of a witness. *United States v. Harris*, 436 F.2d 775, 776 (9th Cir. 1970). Continuing a trial is proper if there is an adequate showing there will be "substantial favoring evidence" or if there will be prejudice from the court's ruling. *Id*. Here, Defendant sought to delay trial claiming his witness would be available after lunch. (Dkt. No. 312 at 50–51.) In response, the Court explained it did not find it necessary to delay the trial seeing as the witness was planning on exercising her Fifth Amendment rights. (*Id.* at 65.) Defendant does not show how a witness taking the stand and invoking her Fifth Amendment right not to self-incriminate would have provided "substantial favoring evidence," nor how the Court declining to delay trial resulted in any prejudice. (*See generally,* Dkt. No. 304.)

Thus, the Court DENIES Defendant's motion for a new trial on either basis.

**B.     Motion to Continue Sentencing**

Separately, Defendant moves for a 3-month extension to his sentencing date. (*See* Dkt. No. 307.) He argues a continuance is necessary to allow the U.S. Pretrial Services and Probation

Office additional time to prepare a more comprehensive pre-sentencing report that accounts for his chronic illnesses. (*See id.*)[6] The Court has broad discretion in matters of continuances. *United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999). Here, Defendant has had ample time to work with pre-trial services to provide an accurate understanding of his health. Further, with the exception of a dermatologist appointment, Defendant's exams will occur almost three weeks before the scheduled sentencing date, giving him the opportunity to raise any discovered maladies to the Court at sentencing.

### III.   CONCLUSION

For those reasons, Defendant's motion for a new trial (Dkt. No. 304) and motion to continue sentencing (Dkt. No. 307) are DENIED.

DATED this 17th day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[6] Specifically, Defendant contends that without the results of his three upcoming doctors' appointments, Probation cannot submit a full pre-sentencing report ahead of his sentencing date. (*See id.*)

ORDER
CR20-0168-JCC
PAGE - 7