THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR20-0168-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| GREGORY TIFT, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for continued release pending appeal (Dkt. No. 349). Defendant previously sought three extensions of his self-surrender date, two of which the Court granted. (*See* Dkt. Nos. 344, 348.) The most recent order set Defendant's self-surrender date for April 1, 2024. (*See* Dkt. No. 348 at 1.) Now, less than a week before that date, Defendant again tries to move the ball—this time pursuant to Federal Rule of Appellate Procedure 9-1.2 and 18 U.S.C. § 3143(b). (*See* Dkt. No. 349.) For the reasons explained below, the Court DENIES Defendant's motion.

Under 18 U.S.C. § 3143(b)(1), "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal," must be ordered detained unless two requirements are met. First, the court must find, by clear and convincing evidence, "that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." *Id.* § 3143(b)(1)(A). Second, the court must find "that the appeal is not

for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.* § 3143(b)(1)(B). If the court makes both findings, it must generally order release of the person. *Id.* § 3143(b)(1).

In this case, Defendant focuses his motion on the first requirement. Specifically, he argues he "should not be considered a flight risk nor a danger to the community" given his age, fragile medical condition, need for community support and preventative health care. (Dkt. No. 349 at 3.) But even if this were true, Defendant's fails to address the second requirement, as is required for the relief he seeks. (*See generally id.*) Instead, he asserts, without citation, that § 3143(b)(1)(B) "[n]eed[] not be addressed now, as the question is within the court of appeals' jurisdiction to decide." (*Id.* at 3.) This is plainly incorrect. Under the statutory language, a defendant seeking relief under § 3143(b)(1) must meet *both* enumerated requirements and must make this showing before the same trial court. *See United States v. Smith*, 2017 WL 11823873, slip op. at 1 (9th Cir. 2017) (reviewing the district court's application of both § 3143(b)(1) prongs). And since Defendant fails to do so, the Court must deny his request for release pursuant to § 3143(b)(1).

Even if Defendant could make the appropriate showing under § 3143(b)(1)(B)—and the Court is doubtful that he could—Defendant's motion fails for a separate reason. Under § 3143(b)(2), certain offenders are categorically ineligible for release pending an appeal, even if they otherwise meet the requirements § 3143(b)(1). This includes persons found guilty of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*)." § 3143(b)(2); § 3142(f)(1)(C). And here, Defendant was found guilty of two counts of drug crimes, both of which fall under the Controlled Substances Act and carry a maximum sentence of 40 years' imprisonment. (*See* Dkt. No. 298 at 1–2); *see also* 21 U.S.C. §§841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846.

Accordingly, Defendant is categorically ineligible for release pending his appeal. The Court further finds Defendant's request for release pending appeal of this order to be without merit.

The Court DENIES Defendant's motion for continued release pending appeal (Dkt. No. 349).

DATED this 27th day of March 2024.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE