THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY TIFT,<br><br>　　　　　　　Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 351) of this Court's order extending Defendant's self-surrender date (Dkt. No. 348). In that order, the Court referenced Defendant's "history of employing dilatory tactics" while describing its reasoning for denying a previous order. (*Id.* at 1.) Defendant asks that the Court strike this language, arguing it "can later be used to discredit future important motions." (Dkt. No. 351 at 1.) For the foregoing reasons, the Court DENIES Defendant's motion.

Motions for reconsideration are generally disfavored. *See* CrR 12(b)(13). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Wilcox v. Hamilton Construction, LLC*, 426 F. Supp. 3d 788, 792 (W.D. Wash. 2019) (citations omitted).

ORDER
CR20-0168-JCC
PAGE - 1

Here, Defendant fails to point to any manifest error in the Court's order. On the contrary, his motion for reconsideration is entirely inapt considering that, in its order, the Court *granted* Defendant his requested relief. (*See* Dkt. No. 348) (extending Defendant's self-surrender date). Defendant cannot utilize the reconsideration process merely to nitpick phrases in the Court's order, especially where he received the outcome he sought. Accordingly, the Court DENIES Defendant's motion for reconsideration (Dkt. No. 351).[1]

DATED this 2nd day of April 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Defendant's motion can be read as a motion to strike, the Court further denies this request.

ORDER
CR20-0168-JCC
PAGE - 2