THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9   UNITED STATES OF AMERICA,                    CASE NO. CR20-0168-JCC

10                      Plaintiff,               ORDER

11          v.

12  GREGORY TIFT,

13                      Defendant.

14

15          This matter comes before the Court on Defendant's motion to stay his self-surrender date

16  (Dkt. No. 354). Defendant previously sought three extensions of his self-surrender date, two of

17  which the Court granted. (*See* Dkt. Nos. 344, 348.) The most recent order set Defendant's self-

18  surrender date for April 1, 2024. (*See* Dkt. No. 348 at 1.) On March 26, 2024, less than a week

19  before his self-surrender date, Defendant again tried to move the ball—this time pursuant to

20  Federal Rule of Appellate Procedure 9-1.2 and 18 U.S.C. § 3143(b). (*See* Dkt. No. 349.) The

21  Court denied Defendant's motion on March 27, 2024. (*See* Dkt. No. 350.) That same day,

22  Defendant filed a motion for bail pending appeal with the Ninth Circuit. (*See* 9th Cir. Case No.

23  23-4261, Dkt. No. 13.) On March 28, 2024, the Ninth Circuit denied the motion and found

24  Defendant's request for a stay was moot. (*See* 9th Cir. Case No. 23-4261, Dkt. No. 15.) On April

25  1, 2024—the day Defendant was ordered to surrender to the Bureau of Prisons ("BOP")—

26  Defendant moved for reconsideration of the Ninth Circuit's denial of his motion for bail pending

ORDER
CR20-0168-JCC
PAGE - 1

appeal. (*See* 9th Cir. Case No. 23-4261, Dkt. No. 16.) Within a few hours, the Ninth Circuit again denied Defendant's motion, along with his request to stay adjudication of his motion pending the appointment of appellate counsel. (*See* Dkt. No. 352.)

On April 2, 2024, the Court learned of Defendant's failure to surrender himself to BOP. Later that day—in an act of blatant disregard for multiple court rulings on the issue—Defendant filed yet another motion to stay his self-surrender date with this Court pursuant to 18 U.S.C. § 3143(b) and Federal Rule of Criminal Procedure 38. (*See* Dkt. No. 354.) He argues such relief is necessary to allow appellate counsel time to file a motion to stay Defendant's incarceration pending his appeal. (*Id.* at 1.)

Once again, Defendant's motion is DENIED. As this Court and the Ninth Circuit have previously explained, Defendant is not entitled to relief under § 3143(b). (*See* Dkt. Nos. 350, 352.) Moreover, the Ninth Circuit has explicitly denied Defendant's request for a stay pending his appointment of counsel. ((*See* Dkt. No. 352.) Although Defendant is entitled to the appointment of appellate counsel, this is not a basis for him to evade reporting to BOP to serve his sentence.

Accordingly, the Court DENIES Defendant's motion to stay his self-surrender date pending his appeal (Dkt. No. 354).

DATED this 5th day of April 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE