UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY TIFT,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:20-cr-00168-JCC<br><br>ORDER ON DEFENDANT'S REQUEST FOR GRAND JURY RECORDS (DKT. NOS. 95, 382) |

## I　　INTRODUCTION

On April 12, 2022, Defendant Gregory Tift moved this Court to produce grand jury minutes, a transcript of voir dire, and related records to "ascertain if there is a basis for a motion to dismiss the indictment based upon the failure of the Government to accurately present evidence." (Dkt. No. 95 at 1.) The Government objected, arguing Tift did not show a particularized need for the materials. (Dkt. No. 99 at 2–4.) United States District Judge John C. Coughenour denied "Parts I through III of the motion and refer[red] consideration of Part IV to [former] Chief Judge Ricardo S. Martinez." (Dkt. No. 112 at 1.) On referral, United States

ORDER ON DEFENDANT'S REQUEST FOR GRAND JURY RECORDS (DKT. NOS. 95, 382) - 1

District Judge Ricardo S. Martinez denied Defendant's motion for production and inspection of grand jury minutes. (Dkt. No. 118.)

On December 18, 2023, Defendant appealed Judge Martinez's order denying Defendant's motion. (*See* Dkt. No. 331.) On November 20, 2024, the Ninth Circuit Court of Appeals issued a limited remand order regarding Defendant's request for records. (Dkt. No. 374.) The Court interprets the Ninth Circuit's remand to be limited to "certain ministerial records" identified in Section IV of Defendant's Motion for Production and Inspection of Grand Jury Minutes. (*See* Dkt. No. 95 at 3-4.) Defendant requested:

(1) Any reports related to the indicting grand jury;

(2) Any juror utilization reports prepared by the Court, any consultant working for the Court, or other agency concerned with the operation of the Court, which has reported on the composition of juries, and/or the operation of the jury system in 2020-2022;

(3) All records including transcripts, documents, manuals, or memoranda describing the method by which the grand jury forepersons involved in this case were selected;

(4) All orders reflecting the beginning or extension of a grand jury term;

(5) Statistical reports regarding the racial makeup of the community from which the jury pool was drawn;

    a. Information, including documents, court reports, and/or statistical analyses describing the following in connection with the grand jury:
    b. The total number of court questionnaires or summonses sent out to prospective jurors in connection with indicting grand jury;
    c. The number of questionnaires or summonses for which there was no response or return to the Court;
    d. The number of questionnaires or summonses returned as undeliverable;
    e. The number of persons found disqualified by statute or court rule and automatically exempted or otherwise permanently excused;
    f. The number of persons who requested and received a temporary deferral of service to a later time;
    g. The number of persons who reported for selection to the grand jury; and
    h. The number of persons who did not report as instructed.

(6) Any other material pertinent to juror utilization

On December 5, 2024, Judge Coughenour referred this matter to this Court in accordance with section 4.09 of the Court's Jury Plan. (Dkt. No. 377) (citing W.D. Wash. General Order 09-22 (Aug. 1, 2022)).

On January 6, 2025, this Court requested Defendant "file an updated memorandum supporting his request for the ministerial records[.]" (Dkt. No. 378.) Defendant "reaffirm[ed] the original motion filed April 12, 2022." (Dkt. No. 382.) The Government believes "[t]he Court should grant Tift's request as to: (1) the District's publicly available Amended Jury Selection Plan and general notice for public review; (2) relevant AO 12 forms; (3) Clerk's records regarding the procedures for summoning and empaneling grand and petit jurors in this case; and (4) jury lists related to the selection of grand jurors in this case, with demographic information included to the extent it is available but personal identifying information redacted. The Court should deny Tift's request for additional records."

## II    LEGAL STANDARD

The Sixth Amendment guarantees a criminal defendant a jury selected "from a representative cross section of the community." *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975). Similarly, the Jury Selection and Service Act ("JSSA") states that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. The JSSA further "prescribes a variety of procedures to guide districts in compiling qualified jury pools." *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1167 (9th Cir. 2014).

A defendant in a criminal case "may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of [the JSSA] in selecting the grand or petit jury." 28 U.S.C. § 1867(a). In order to bring such a

motion, the defendant is entitled to disclosure of "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process." 28 U.S.C. § 1867(f). Importantly, a defendant's access to records under § 1867(f) "may not be conditioned on a defendant first showing a probability of success on the merits of the jury challenge." *United States v. Holmes*, 2020 WL 5408163, at *2 (N.D. Cal. Sept. 9, 2020); *see also United States v. Beaty*, 465 F.2d 1376, 1381–82 (9th Cir. 1972). However, disclosure may be ordered only to the extent that it "may be necessary in the preparation or presentation" of the jury challenge. 28 U.S.C. § 1867(f). "[T]he JSSA is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court." *United States v. Crider*, 2021 WL 4226149, at *3 (S.D. Cal. Sept. 15, 2021) (internal citation and quotation omitted).

### III    DISCUSSION

Defendant raises six requests for grand jury records. Defendant requests grand jury selection records "pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (Dkt. No. 95.) He asserts the requested information is "necessary to prepare and essential for trial, in part to ascertain if there is a basis for a motion to dismiss the indictment based upon the failure of the Government to accurately present evidence." (*Id.* at 1.)

The Government does not oppose Defendant's inspection of:

> (1) the Western District of Washington's Amended Jury Selection Plain and related general notice; (2) the Clerk's Reports on Operation of the Jury Selection Plan (commonly referred to as AO 12 forms) or equivalent; (3) the Clerk's records reflecting the methods or procedures by which grand and petit jurors were summoned and empaneled in this case; and (4) jury lists related to the selection of grand jurors in this case, with the non-demographic, personal identifying information of the grand jurors redacted.

(Dkt. No. 385 at 3.) However, the Government contends Defendant "has not shown that the rest of the information he requests is reasonably necessary to any fair-cross section challenge he

might raise." (*Id.*)  Additionally, the Government argues Defendant's request for jurors' personal identifying information should be denied because they seek to effect "an enormous invasion of juror privacy" and are "not relevant to Tift's investigation of a potential JSSA claim." (*Id.* at 5.)

The Court addresses each of Defendant's requests in turn.

**A.    Request 1**

Defendant requests "[a]ny reports related to the indicting grand jury[.]" (Dkt. No. 382 at 2.)  The Court cannot discern the precise nature of the Defendant's seemingly open-ended request, and it is unclear how the information sought would be necessary to raise a challenge under the JSSA.  Accordingly, Request 1 is DENIED.

**B.    Request 2**

Defendant requests "[a]ny juror utilization reports prepared by the Court, any consultant working for the Court, or other agency concerned with the operation of the Court, which has reported on the composition of juries, and/or the operation of the jury system in 2020-2022." (*Id.*)  The Clerk's Office has confirmed the AO-12 form is responsive to Defendant's request for juror utilization reports prepared by the Court and is the only report prepared of such nature. The Government does not object to the disclosure of the AO-12 forms.  (Dkt. No. 385 at 3.)  Indeed, AO-12 forms fall "within the scope of [a] [d]efendant['s] right of access under 28 U.S.C. § 1867(f)." *United States v. Cloud*, 2020 WL 4381608, at *2 (E.D. Wash. July 27, 2020); *see also United States v. Kelly*, 2021 WL 6063961, at *2 (C.D. Cal. Dec. 22, 2021) (ordering disclosure of AO-12 form); *United States v. Yandell*, 2023 WL 2918803, at *2 (E.D. Cal. Apr. 12, 2023) (same).  This request is GRANTED, and the Clerk is directed to provide access to the AO-12.

**C.  Request 3**

Defendant requests "[a]ll records including transcripts, documents, manuals, or memoranda describing the method by which the grand jury forepersons involved in this case were selected." (Dkt. No. 382 at 2.) Jurors are selected pursuant to the Jury Selection Plan for the Western District of Washington. Defendant does not require an order from the Court to access the Jury Selection Plan. It is accessible to the public on the Court's website.[1] Accordingly, the request is DENIED as moot.

**D.  Request 4**

Defendant requests "[a]ll orders reflecting the beginning or extension of a grand jury term." (Dkt. No. 382 at 2.) It is unclear how the information sought by Defendant would be necessary to raise a challenge under the JSSA as this request does not relate to the random selection of a fair cross section of the community. Accordingly, the Court DENIES Defendant's request.

**E.  Requests 5**

Defendant requests Statistical reports regarding the racial makeup of the community from which the jury pool was drawn;

    (a) Information, including documents, court reports, and/or statistical analyses describing the following in connection with the grand jury:
    (b) The total number of court questionnaires or summonses sent out to prospective jurors in connection with indicting grand jury;
    (c) The number of questionnaires or summonses for which there was no response or return to the Court;
    (d) The number of questionnaires or summonses returned as undeliverable;
    (e) The number of persons found disqualified by statute or court rule and automatically exempted or otherwise permanently excused;
    (f) The number of persons who requested and received a temporary deferral of service to a later time;

---

[1] https://www.wawd.uscourts.gov/sites/wawd/files/GO%2009-22%20Amended%20Jury%20Selection%20Plan.pdf

(g) The number of persons who reported for selection to the grand jury; and

(h) The number of persons who did not report as instructed.

To the extent a record containing this information is maintained by the Clerk's Office, the Court Grants these requests. *See Cloud*, 2020 WL 4381608, at *4 (finding a request for the number of individuals summoned "within the scope" of a defendant's "right of access under 28 U.S.C. § 1867(f)"); *Crider*, 2021 WL 4226149, at *4 (granting similar request). The Court GRANTS these requests.

**F.     Request 6**

Defendant requests "[a]ny other material pertinent to juror utilization." (Dkt. No. 382 at 2.) The Clerk's Office has confirmed there are no other materials pertaining to juror utilization. Accordingly, the request is DENIED as moot.

**G.     Request 7**

Tift requests "any exculpatory evidence contained in the Grand Jury Proceedings." (Dkt. No. 382 at 4.) The Government argues the Court should deny the request because "the United States has complied with its discovery obligations under *Brady* and its progeny." (Dkt. No. 385 at 6.) Additionally, the Government argues "Tift already moved the Court for access to records of proceedings before the Grand Jury, and the Court correctly denied that motion." (*Id.*) (citing Dkt. No. 112.) Finally, the Government argues Tift's request is not properly before this Court because in his appeal "Tift challenged only this Court's failure to provide him with ministerial documents under 28 U.S.C. § 1867(f)." (*Id.*)

"The Court interprets the Ninth Circuit's remand to be limited to 'certain ministerial records' identified in Section IV of Defendant's Motion for Production and Inspection of Grand Jury Minutes." (Dkt. No. 378 at 2.) Accordingly, the Court DENIES Defendant's request.

## IV    CONCLUSION

Having considered Defendant's renewed motion (Dkt. No. 382), the Government's response (Dkt. No. 385), and the remainder of the record, the Court finds and ORDERS that Defendant's motion is GRANTED IN PART and DENIED IN PART.

The Clerk of Court is directed to provide to counsel the records ordered to be disclosed in response to Requests 2, 5, to the extent the records are already maintained, and to file a sealed copy of the records on the docket as discussed in the protective order below.

This Order does not require the Clerk of Court to create new records or undertake new calculations or analyses. *See Ramirez-Ortiz*, 2021 WL 1662441, at *3 ("the Clerk's Office shall not be required to undertake any new calculations"); *Yandell*, 2023 WL 2918803, at *5 (instructing that order to disclose jury records "does not require any member of the court's staff to prepare or create any records or documents").  The Court emphasizes that to the extent any of the records ordered to be disclosed contain personally identifying information—including but not limited to, name, exact date of birth, street address, telephone number, and social security number—such information must be redacted.

Records disclosed SHALL be subject to the following protective order:

1. The Clerk of Court is directed to file a ***sealed*** copy of the materials on the docket for purposes of maintaining a record of the production.  The records shall be made accessible only to current counsel of record for Defendant and the Government.
2. The materials may be used only by counsel, their legal staff and experts in connection with the preparation and/or litigation of a motion in this case challenging jury selection procedures.  The materials may not be used for purposes of jury selection, trial, or any other matter.

3. The materials shall be destroyed by counsel, their legal staff and experts upon completion of this case and any related appeals, or upon withdrawal or disqualification of counsel from this case. Counsel shall file a notice with the Court confirming such destruction once it has been accomplished, and that no materials have been retained in duplicative form.

4. Consistent with 28 U.S.C. § 1867(f), the materials may not be disclosed, shown or distributed in any manner to third parties. The materials may only be disclosed to individuals who have a need to view the materials as may be necessary in the preparation or presentation of a motion challenging jury selection procedures.

5. Defendant shall not possess the materials at any time, except when reviewing the materials with counsel, and then counsel shall retrieve and maintain all such materials.

6. Every attorney who accesses the materials is personally responsible not only for his or her compliance with this protective order, but also his or her client's compliance with the requirements of this protective order and compliance by any other person who is shown the materials consistent with the parameters of this Order.

7. Counsel, their legal staff, experts, and Defendant are reminded that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both." 28 U.S.C. § 1867(f). Violations of this Order may also result in sanctions or a finding of contempt.

8. If any disclosed materials are later determined to disclose personally identifying information, the party making this determination must immediately notify the Court in a written notice filed on the docket of this action. Anyone who has received that material

must immediately return, destroy or delete the materials in question and file a written certification of compliance on the docket of this action.

9. To the extent the parties feel a deviation from this protective order is required, the parties shall seek relief from the Court.

Dated this 6th day of March 2025.

                                              David G. Estudillo
                                              United States District Judge