The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>GREGORY TIFT,<br><br>　　　　　Defendant. | NO. CR20-168 JCC<br><br>ORDER GRANTING GOVERNMENT'S MOTION AND MODIFYING THE PROTECTIVE ORDER GOVERNING ACCESS TO GRAND JURY RECORDS |

　　　The Court, having reviewed the United States' motion to modify the protective order governing access to grand jury records (Dkt. No. 389), hereby enters the following order:

　　　IT IS HEREBY ORDERED that the motion is GRANTED.

　　　The Court's Order on Defendant's Request for Grand Jury Records (Dkt. No. 388) is modified as follows: the records authorized for disclosure pursuant to such Order SHALL be subject to the following protective order:

　　　1. The Clerk of Court is directed to file a *sealed* copy of the materials on the docket for purposes of maintaining a record of the production. The records shall be made accessible only to current counsel of record for the Government, and to Defendant via his Correctional Counselor at Terminal Island FCI. Counsel for the Government shall transmit a copy of the materials, along with a copy of this protective order, to Defendant's

Correctional Counselor. Defendant may work with his Correctional Counselor to arrange opportunities to review the materials as necessary to determine whether to file a motion under 28 U.S.C. § 1867(a), and—should Defendant decide to file such a motion—as necessary for the preparation and litigation of that motion.

2. Defendant shall not possess the materials at any time, except when reviewing the materials as arranged by Defendant's Correctional Counselor. When not under review by Defendant, the materials shall be securely stored by Defendant's Correctional Counselor.

3. The materials may be used only by Defendant and counsel for the Government, as well as their legal staff and experts, in connection with the preparation and/or litigation of a motion in this case challenging jury selection procedures. The materials may not be used for purposes of jury selection, trial, or any other matter.

4. The materials shall be destroyed by Defendant's Correctional Counselor, counsel for the Government, and their legal staff and experts upon completion of this case and any related appeals, or upon withdrawal or disqualification of counsel from this case. Counsel and Defendant shall file a notice with the Court confirming such destruction once it has been accomplished, and that no materials have been retained in duplicative form.

5. Consistent with 28 U.S.C. § 1867(f), the materials may not be disclosed, shown or distributed in any manner to third parties. The materials may only be disclosed to individuals who have a need to view the materials as may be necessary in the preparation or presentation of a motion challenging jury selection procedures.

6. Every attorney who accesses the materials is personally responsible not only for his or her compliance with this protective order, but also his or her client's compliance with the requirements of this protective order and compliance by any other person who is shown the materials consistent with the parameters of this Order.

7. Counsel, their legal staff, experts, and Defendant are reminded that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be

fined not more than $1,000 or imprisoned not more than one year, or both." 28 U.S.C. § 1867(f). Violations of this Order may also result in sanctions or a finding of contempt.

8. If any disclosed materials are later determined to disclose personally identifying information, the party making this determination must immediately notify the Court in a written notice filed on the docket of this action. Anyone who has received that material must immediately return, destroy or delete the materials in question and file a written certification of compliance on the docket of this action.

9. To the extent the parties feel a deviation from this protective order is required, the parties shall seek relief from the Court.

DATED this 10th day of March, 2025.

David G. Estudillo
United States District Judge