THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0168-JCC |
| Plaintiff, | ORDER |
| v. | |
| GREGORY TIFT, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to modify the protective order and for a judicial recommendation for furlough (Dkt. No. 394). Specifically, Defendant asks the Court to modify the protective order (Dkt. No. 390) governing his access to the grand jury records. (*See generally* Dkt. No. 394.) This includes, among other things, granting him unfettered access to the grand jury records and a 30-day furlough of his incarceration, such that he may review the records and work with the Clerk "uninhibited by BOP [Bureau of Prisons] custody." (*See id*. at 4–5; *see also* Dkt. No. 394-1 at 3) (Defendant proposes removing his Correctional Counselor as a layer of supervision and instead allowing the materials to be "securely stored by Defendant" when not in use). According to Defendant, these modifications would relieve the "[BOP] staff from overseeing the burdensome security issues and having to provide Tift special accommodations for him to prepare his challenge of the makeup of the grand jury." (Dkt. No. 394 at 4–5.)

ORDER
CR20-0168-JCC
PAGE - 1

Though Defendant has a right to inspect jury selection records before making a motion to challenge the grand jury, the Court has authority to "to fashion how [Tift's] inspection should be made." *United States v. Beaty*, 465 F.2d 1376, 1381 (9th Cir. 1972). And as Defendant rightfully notes, the current governing protective order allows parties to "seek relief from the Court" to the extent they "feel a deviation from this protective order is required." (Dkt. No. 394 at 3) (citing Dkt. No. 390 at 9). Defendant therefore seeks relief from the Court pursuant to *Beaty* and the relief provision of the protective order. (*See id*.) However, Defendant's justifications for relief are entirely unavailing.

For instance, despite his contention that the current protective order is "impetuous" and "disruptive to [BOP] staff," (Dkt. No. 394 at 4), Defendant provides no evidence that its implementation burdens BOP staff. (*See generally id*.) And the Court cannot simply take Defendant's word for it. The Court is also especially reticent to presume a burden exists where the protective order merely requires Defendant to coordinate with one person—his Correctional Counselor—to view the materials. (*See* Dkt. No. 390 at 2.) In turn, as the Government notes, BOP is well-equipped with the "resources to allow those who elect to represent themselves to review protected materials while in custody." (Dkt. No. 395 at 2) (citing BOP's Legal Access Handbook). This is further bolstered by the fact that Defendant has already reviewed the materials at least once thus far. (Dkt. No. 395-1 at 3.) To that end, the Court finds no good basis to modify the protective order.

Similarly, the Court is disinclined to recommend a 30-day furlough for Defendant to complete his "examination and analysis of grand jury records." (Dkt. No. 394 at 4.) Defendant's justifications for a furlough are similar to his justifications for modifying the protective order. That is, he contends that a furlough would "reduce costs by eliminating escorted release requirements and the additional staff that would be required." (*Id*. at 5.) Once again, the Court is confident that BOP maintains the resources to supervise Defendant as he reviews the grand jury records, such that costs are not a concern.

ORDER
CR20-0168-JCC
PAGE - 2

Defendant further anticipates the Court's primary concern: that he may be a flight risk if furloughed. (*Id*. at 6–7.) Defendant attempts to assuage the Court's concerns by noting that he is a "non-violent, first-time offender," he has "no incentive to flee," and that flight "would be a senseless endeavor and unnecessary." (*Id*. at 6.) The Court agrees with these contentions, but they nevertheless fail to reasonably assure the Court that Defendant *himself* is not a flight risk. Indeed, though flight during furlough "would be a senseless endeavor," Defendant has previously gone to great lengths to avoid incarceration post-sentencing, including "blatant[ly] disregard[ing]" the Court's orders regarding his self-surrender date. (Dkt. No. 361 at 1–2) (documenting Defendant's repeated attempts to avoid self-surrender, including an actual failure to surrender). Even now while in custody, Defendant continues to seek release pending his appeal, (*see generally* Dkt. Nos. 374, 381), which the Ninth Circuit Court of Appeals and this Court have either denied or dismissed, (*see generally* Dkt. Nos. 374, 384). Defendant's relentless endeavor to avoid his custodial sentence gives this Court little faith that he would return to BOP upon completion of a furlough.

Accordingly, the Court DENIES Defendant's motion to modify the protective order and for a judicial recommendation for a 30-day furlough (Dkt. No. 394).

DATED this 14th day of May 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE