THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>GREGORY TIFT,<br><br>               Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's "Motion to Produce Federal Grand Jury Practice Manual" (Dkt. No. 397). Defendant asks the Court to order the Government to mail him a physical copy of a publicly available book entitled the *Federal Grand Jury Practice Manual*[1] ("Manual"). (*Id.* at 1–2.) He asserts that such an order is warranted because the Government "has suggested they could mail public documents available off the internet or court websites to Defendant." (*Id*. at 2) (citing Dkt. No. 395 at 3).[2] He further contends that his request is supported by his Sixth Amendment right to meaningful self-representation. (*See id*. at 3) (citing *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995)).

---

[1] Veta M. Carney et al., *Federal Grand Jury Practice Manual* (1983).

[2] Except, Defendant misconstrues the Government's statements. Though the Government previously suggested the Court could direct it to send a copy of the Court's Jury Selection Plan to Defendant, (*see* Dkt. No. 395 at 3), at no point has it offered to send Defendant any and all publicly available documents. (*See* Dkt. No. 399 at 2.)

ORDER
CR20-0168-JCC
PAGE - 1

"[T]he Sixth Amendment demands that a *pro se* defendant who is incarcerated be afforded reasonable access to 'law books, witneses, or other tools to prepare a defense.'" *Sarno*, 73 F.3d at 1491 (quoting *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985)). This right of access derives from one's constitutional right to meaningful self-representation. *See Milton*, 767 F.2d at 1446 (citing *Faretta v. California*, 422 U.S. 806, 818 (1975)). Nevertheless, the right is not unlimited; it "must be balanced against the legitimate security needs or resource constraints of the prison." *Sarno*, 73 F.3d at 1491.

As far as the Court understands it, Defendant contends that he cannot access the Manual because: (1) his access to the internet is restricted; and (2) he has insufficient funds to pay for a physical copy. (*See* Dkt. No. 397 at 2.) But neither limitation, if true, is so unreasonable as to outweigh legitimate security needs or resource constraints of the prison. *See Sarno*, 73 F.3d at 1491. And they certainly do not justify a court order compelling the Government to print and physically mail publicly available materials to Defendant. Indeed, Defendant is only entitled to *reasonable* access, not *unlimited* access. *See id*. And, per his own submissions, Defendant appears to have other reasonable means of acquiring the Manual. For instance, he may order a digital copy of the Manual. (*See* Dkt. No. 397 at 8.) Or, if Defendant is unable to access the internet[3] and order the Manual for himself, then he may seek assistance from someone else—say, his standby counsel of record or his partner, with whom he proposed to stay when he requested a furlough, (*see* Dkt. No. 394 at 7). In any event, Defendant has other reasonable means of acquiring the Manual far short of compelling opposing counsel to act on his behalf. And to the extent Defendant represents that he cannot afford these alternative means, the Court is wary of such representations where Defendant has failed to submit evidence of either the Manual's cost or his lack of funds.

Accordingly, the Court DENIES Defendant's request for an order compelling the

---

[3] Here, the Court queries whether Defendant's internet access is wholly restricted given that he submitted photocopies of a webpage as part of his motion. (*See* Dkt. No. 397 at 7–8.)

1 | Government to provide him with the *Federal Grand Jury Practice Manual* (Dkt. No. 397).

2 | DATED this 29th day of May 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE