THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>GREGORY TIFT,<br><br>               Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's "Motion for Clerk of Court to Preserve and Protect Grant Jury Records" (Dkt. No. 400). Having considered the motion and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

On September 30, 2020, a grand jury charged Defendant with two counts of drug-related offenses, (Dkt. No. 3), and later amended the charges by superseding indictment on December 8, 2021, (Dkt. No. 41). On September 11, 2023, a petit jury convicted Defendant of those same charges. (Dkt. No. 294.) Now, this matter has returned before the Court on a limited remand from the Ninth Circuit to review Defendant's request for grand jury records under 28 U.S.C. § 1867(f). (*See* Dkt. No. 374; *see also* Dkt. No. 95) (Defendant's original motion for disclosure of grand jury records).

Pursuant to the Court's Jury Plan and in accordance with 28 U.S.C. § 1868, the Clerk of Court has retained the records related to the jury selection process from October 2019 through

ORDER
CR20-0168-JCC
PAGE - 1

October 2021—including those records related to the selection of Defendant's first indicting grand jury—and will continue to do so until October 2025, after which time the Court may destroy the records.[1] Accordingly, Defendant now asks the Court for an order "to preserve and protect the records of Grand Jury session to include all records and papers compiled and maintained by the Jury Commission or Clerk beginning with the Master Jury Wheel filled on 10/01/2019 through January 1, 2024. Specifically, but not limited to, Jury questionnaires." (Dkt. No. 400 at 1.)[2]

The Sixth Amendment guarantees that a criminal defendant's case will be heard by a jury selected "from a representative cross section of the community." *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975). Similarly, the Jury Selection and Service Act ("JSSA") states that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. The JSSA further "prescribes a variety of procedures to guide districts in compiling qualified jury pools." *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1167 (9th Cir. 2014).

In turn, a defendant "may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of [the JSSA] in selecting the grand or petit jury." 28 U.S.C. § 1867(a). In preparing to bring such a motion, the defendant

---

[1] "In accordance with 28 U.S.C. § 1868, the Clerk will keep all records and papers relating to the Jury Selection Process for four years following the emptying and refilling of the master jury wheels and the completion of service of all jurors selected from those master jury wheels, or for such longer periods of time as the Court may require. Such records may then be destroyed, providing the means used ensures the privacy of their contents." § 6.03, W.D. Wash. General Order 09-22 (Aug. 1, 2022).

[2] Although Defendant appears to seek preservation of all grand jury records writ large, the Court focuses its analysis only on grand jury *selection* materials because Defendant repeatedly refers to the Court's four-year retention period, which, per the Court's Jury Plan, applies only to the jury selection process. *See* § 6.03, W.D. Wash. General Order 09-22 (Aug. 1, 2022). However, to the extent Defendant seeks to preserve grand jury records unrelated to jury selection, the Court observes that it has already properly denied Defendant's request for transcripts of grand jury witness testimony and *voir dire*. (*See* Dkt. No. 112 at 1–3.)

ORDER
CR20-0168-JCC
PAGE - 2

is entitled to disclosure of "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process." 28 U.S.C. § 1867(f). Indeed, our nation's highest court has observed that, under § 1867(f), "a litigant has essentially an unqualified right" to inspect jury selection materials. *Test v. United States*, 420 U.S. 28, 30 (1975). Nevertheless, "the JSSA is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court." *United States v. Crider*, 2021 WL 4226149, slip op. at 3 (S.D. Cal. 2021) (internal citation and quotation omitted).

Defendant asserts that "the Grand Jury records are the core evidence to establish a diversity challenge." (Dkt. No. 400 at 4.) As such, he submits that if the Court were to destroy the "Grand Jury records" at the end of its four-year retention period, such destruction would "deprive [him] of Due Process." (*Id*. at 4.) Defendant therefore argues that the Court must preserve *all* "Grand Jury records" until "Defendant's appeal has run its course," thereby protecting Defendant's ability to prepare a fulsome grand jury selection challenge. (*See id*.)

Notwithstanding that Defendant provides no description of which "Grand Jury records" he seeks to preserve, his due process concern is also wholly conclusory. He cites no authority for the proposition that the Court's routine destruction of jury selection materials deprives him of due process. The Court is disinclined to draw such a conclusion where it merely seeks to comply with its own Jury Plan and where it has already partially granted Defendant access to certain ministerial grand jury records. (*See* Dkt. No. 388 at 5, 6–7.) To that end, the Clerk's Office has already shared with Defendant all the jury selection records within its possession that are responsive to Defendant's request nos. 2 and 5. (*See id*.; *see also generally* Dkt. No. 391) (sealed grand jury selection records produced to Defendant in response to request nos. 2 and 5). It further confirmed that "there are no other materials pertaining to juror utilization." (Dkt. No. 388 at 7.) Put simply, the Court sees no good justification to extend the retention period for jury selection records where Defendant has already made multiple requests for disclosure and may continue to make additional, more specific, requests. Again, Defendant is not entitled to "rummage at will

through all jury-related records maintained by the Clerk of Court." *Crider*, 2021 WL 4226149, slip op. at 3 (internal citation and quotation omitted). Otherwise, as far as the Court understands it, Defendant's blanket request to preserve "Grand Jury records" is moot.

Accordingly, the Court DENIES Defendant's request for an order to preserve and protect grand jury records (Dkt. No. 400).

DATED this 13th day of June 2025.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE