THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>GREGORY TIFT,<br><br>        Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's "Motion for Court to Authorize Defense Expert at Government Expense (CJA Funding)" (Dkt. No. 404). Defendant asks the Court to authorize payment pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, to assist him with his challenge to the grand jury selection process in his case. (Dkt. No. 404 at 1.) He asserts that such funding is warranted because he "is at the crossroad of a necessity to retain a competent expert for the purpose of examining the Grand Jury disclosure documents." (*Id*. at 2.)

The CJA authorizes a district court to order "the provision of expert services to a defendant financially unable to obtain them where such services are necessary for adequate representation." *United States v. Rodriguez-Lara*, 421 F.3d 932, 939 (9th Cir. 2005) (citing 18 U.S.C. § 3006A(e)(1)). Typically, a defendant's request for a CJA-funded expert witness is evaluated "in the context of the underlying claims for which he asserts he ought to [be] given expert help." *Id*. at 940.

ORDER
CR20-0168-JCC
PAGE - 1

As a threshold matter, Defendant has failed to follow the Court's procedures for requesting court appointment of a defense expert, which are as follows::

> Requests for authorization of funds for investigative, expert, and other services must be submitted to the [CJA Resource Counsel] *via* CJA eVoucher for review and recommendation to the judge designated to review these requests and will not be reviewed by the presiding judge until the conclusion of the proceedings when the final request(s) for payment are made by counsel and the experts.

§ XVII.B, W.D. of Wash. General Order 05-19 (June 6, 2019) (adopting the Amended Criminal Justice Act Plan ("CJA Plan")) (emphasis in original).[1] The CJA Plan further requires such requests to be made *ex parte*, consistent with the language of the CJA itself. *Id*.; *see also* 18 U.S.C. § 3006A(e)(1) ("after appropriate inquiry in an *ex parte* proceeding, . . . the court . . . shall authorize counsel to obtain the services." (emphasis added)). Here, Defendant did not make his request *ex parte*, let alone submit his request to the CJARC. The Court cannot consider a request that is not properly brought before it.

Even if it could consider the merits of Defendant's request, the Court notes that Defendant fails to provide any indication of *how* a statistician expert would be necessary for an adequate defense. Indeed, he provides no explanation of what exactly he seeks to challenge in the grand jury selection process that would even require expert review. (*See generally* Dkt. No. 404.) Instead, Defendant merely states that he is "at the crossroad of a necessity," that this Court's grand jury selection pool consists of "a community of multiple counties," and that neither himself nor any attorneys "have the mathematical acumen . . . to demonstrate that there is a systemic under-representation requirement of a fair cross-seciton [sic] in the Grand Jury pool." (*Id*. at 2.) But he does not explain where the underrepresentation lies or what population is missing from the cross section. *Cf. Rodriguez-Lara,* 421 F.3d at 946 (district court abused discretion in denying the defendant's request for expert assistance, where the defendant showed that "Hispanics are substantially underrepresented in the [relevant] jury pool" and there was a

---

[1] The individual making the request need not be appointed under the CJA. *See id*., § XVII.A. Such is the case here.

plausible theory of systematic exclusion). Defendant has therefore failed to describe how an expert would be necessary to his grand jury selection challenge. *See id*. at 940.

Accordingly, the Court DENIES Defendant's request for CJA funding of a defense statistician expert (Dkt. No. 404) without prejudice. Defendant may renew his request *ex parte*,[2] at which time the Court will review the request and, if granted, assist with ensuring that the remainder of the process complies with this Court's CJA Plan, Section XVII.A–B.

DATED this 13th day of August 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] In so doing, Defendant should provide with specificity the nature and purpose of the expert services and why those services are necessary to an adequate defense.