

WESTERN DISTRICT COURT OF WASHINGTON
700 STEWART STREET
SEATTLE, WA 98101

Dear Clerk Of Court

In the matter of USA v. Gregory Tift, Case No. 2:20-cr-00168-JCC

Enclosed is a Motion for replacement of standby Counsel.

Please note on Court Calender in compliance with local criminal Court rules.

Respectfully submitted this

____29th____ day of __September__ 2025

by _____
Gregory S. Tift

Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-cr-00168-JCC |
| Plaintiff, | |
| v. | MOTION FOR APPOINTMENT OF STANDBY COUNSEL, REPLACING NICHOLAS VITEK AT GOVERNMENT'S EXPENSE |
| GREGORY TIFT, | |
| Defendant. | |

COMES NOW, Gregory Tift, Defendant and request the Court for an Order to Appoint a replacement standby counsel.

## BACKGROUND

Since the onset of Defendant's imprisonment, he has believed that standby counsel Nicholas Vitek was still employed and available to the Defendant as a legal resource.

Unbeknownst to the Defendant, Mr. Vitek relieved himself of this appointment and responsibility. (See Exhibit A e-mail)

1  The Defendant's multiple requests and correspondences via
2  postal mail have gone unanswered and the Court was not aware of
3  Mr. Vitek's departure. (See Dkt. 401, P. 2:18)
4  Defendant was indicted on two serious crimes involving
5  controlled substances. Within the early stages of Defendant's
6  case, he elected to proceed self-represented and was provided
7  standby counsel (Dkt No. 37 and 47).
8  Proceeding pro se perhaps was not one of the Defendant's
9  wiser decisions, but it was made with good intentions and with
10 the effort to muster a solid constitutional defense. Should
11 defendant survive incarceration, he will emerge frontline educated
12 in the criminal justice system including BOP procedures, a well
13 seasoned and savvy employable paralegal.
14 The Defendant need not recite all the case history as the
15 court is already aware of it, but the Defendant's Grand Jury
16 motion dated April 2022 during pretrial had merit and that the
17 Defendant is one step closer to retrieving the evidence that
18 demonstrates the Grand Jury session indicting the Defendant had
19 run afoul. See (Dkt. #386-2 at 5)
20 The Defendant being confined to prison walls and the
21 difficulties of document viewing with staff resources while
22 maintaining two prison jobs and other education programming,
23 requires the expertise of a solid legal advisor that understands
24 Grand Jury challenges. A standby counsel will ease the burden of
25 document review with the jury clerk and can more freely work with
26 an expert statistician on the disclosures; all the while
27 communicating with the Defendant and having internet resources to
28 access PACER, legal databases, search engines and AI resources.

2

The Court makes reference to the BOP providing reasonable access to Grand Jury documents and gives far too much credit to what the Terminal Island staff can provide, citing the BOP's legal access handbook. Dkt 398, p. 2:14-16.[1]

Other deficiencies include Terminal Island staff shortages restricting access to Defendant's counselor and other staff, which have become a serious challenge, sometimes taking weeks to coordinate. Through the order of the Court, Dkt. 390 impowers Defendant over the BOP staff and it would do little good to complain or to move to compel more access. This is not the solution; however, assisting Terminal Island staff to bridge their shrinking manpower is for a standby counsel to intervene.

Indeed, all the preceeding establishes that Defendant's appointment of standby counsel will lessen the burden to all parties and expedite the examination of the Grand Jury ministerial records.

## MEMORANDUM OF POINTS AND AUTHORITIES

Under the Criminal Justice Act, the Court is authorized to appoint publicly financed counsel "for any person financially unable to obtain adequate representation." 18 USC § 3006A(a).

The Court has been satisfied since the onset of Defendant's indictment of his indigency status resulting from cerebral hemorrhage. Also Defendant's Social Security benefits are no longer available for any legal payments. Not only that but the Court

---

[1] The BOP's adherence to their program statements can only be described as in breach on a daily basis, a global Bureau of Prisons problem.
See oig.justice.gov/tmpc/challenge-1
federalnewsnetwork.com/hiring-retention/2025/05/cash-strapped-bureau-of-prisons-freezes-some-hiring-to-avoid-more-extreme-measures-director-says

3

should consider that Defendant's Social Security benefits are forfeited while he is in prison. This makes Defendant a bargain prisoner as his benefits help to sustain his BOP care and housing. As of today, Defendant has forfeited $43,200 in cash benefits

The defining standby counsel precedenct is McKaskle v. Wiggins. Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role. "First, the pro se defendant is entitled to preserve actual control over the case he chooses to present to the jury.....Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." Wiggins. 465 U.S. at 178. In defendant's motion, the request is to "aid the accused if and when the accused requests help." The use of standby is a method by which to reconcile the interests of defendant in proceeding pro se...Faretta

## CONCLUSION

The defendant's lack of income supports the continued appointment of legal aid in his defense. The Defendant, having demonstrated the viewing of Grand Jury documents and access to legal resources is being shut off by incarceration and Bureau of Prisons failures. The presence of standby counsel, will not compromise defendant's pro se status, but will serve as a more successful conduit of communication for the parties as well as some legal guidance to assist Grand Jury challenge(s) and motion(s) to dismiss indictment.

Defendant requests the court instruct the local CJA coordinator to review with panel attorneys for a counsel willing to accept a standby position, replacing Attorney Nickolas Vitek.

Respectfully submitted,

Dated: 29th of Sept

Gregory S. Tift
Reg. No. 50308-086
FCI Terminal Island
PO BOX 3007
San Pedro, CA 90733

CERTIFICATE OF SERVICE

I, Gregory S. Tift, certify that on 29 day of September, 2025, I served a true and correct copy of "Defendant's Motion to Replace Standby Counsel" by placing it in the outgoing mailbox at FCI Terminal Island, California, first class postage prepaid, addressed to the following:

    Clerk of the U.S. Court
    U.S. District Court
    700 Stewart Street, Lobby Level - 2310
    Seattle, WA 98101

    CJA Administration
    Tamar Singleton
    1501 Fifth Ave, Suite 700
    Seattle, WA 98101

All other parties who have appeared will be served by the Court electronically, CM/ECF.

Gregory S. Tift
Reg. No. 50308-086

5

# EXHIBIT A

TRULINCS 50308086 - TIFT, GREGORY - Unit: TRM-C-A

---

FROM: 50308086
TO: Vitek, Nicholas
SUBJECT: USA v Tift 20-cr -168
DATE: 07/06/2025 05:13:26 PM

Greetings Attorney Vitek  , I sent you some items requesting help on grand jury challenge and remand ,,  Please let me know when received,?

Thank you
Gregory Tift

PS I am the law clerk here now in education at prison.

TRULINCS 50308086 - TIFT, GREGORY - Unit: TRM-C-A

--------------------------------------------------------------------------------

FROM: Vitek, Nicholas
TO: 50308086
SUBJECT: RE: USA v Tift 20-cr -168
DATE: 07/07/2025 01:06:25 AM

Hi Mr. Tift,

I am no longer appointed to represent you as your standby counsel. If you need an appointment you need to make a request to the court to appoint you counsel. I am traveling now so if the court grants it, it will be a different attorney.

-Nicholas Vitek

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

**INMATE REQUEST TO STAFF** CDFRM

FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) OFFICER EARHART | DATE: 04/22/2025 |
|---|---|
| FROM: GREGORY TIFT | REGISTER NO.: 50308-086 |
| WORK ASSIGNMENT: EDUCATION, LAW LIBRARY | UNIT: (C) SOUTH SIDE |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

GREETINGS OFFICER EARHART, PLEASE ADVISE A TIME YOU ARE AVAILABLE TO VIEW GRAND JURY DOCUMENTS IN BOP CUSTODY AND ALSO INTERNET ACCESS, AND PHONE ACCESS.

THANK YOU FOR ATTENTION TO THIS MATTER

CC UNITED STATES ATTORNEY TANIA CULBERTSON

(Do not write below this line)

DISPOSITION:

Signature Staff Member | Date

Record Copy - File; Copy - Inmate
PDF                         Prescribed by P5511

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Prescribed by FOLDER    **SECTION 6**

GREGORY TIFT, REG# 50308-086
FEDERAL CORRECTIONAL INSTITUTION
TERMINAL ISLAND
P.O. BOX 3007
SAN PEDRO, CA 90733





WESTERN DISTRICT COURT OF WASHINGTON
700 STEWART STREET
CLERK LOBBY LEVEL 2310
SEATTLE, WA 98101