THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORY TIFT,<br><br>    Defendant. | CASE NO. CR20-0168-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for replacement counsel (Dkt. No. 407). Having thoroughly considered the briefing and relevant record, the Court DENIES the motion for the reasons explained herein.

In November 2021, approximately a year after he was indicted for drug-related crimes, Defendant moved to proceed *pro se*. (Dkt. No. 31.) On December 14, 2021, following a *Faretta*[1] hearing where the Court confirmed that Defendant was "aware of the challenges of self-representation," (Dkt. No. 36), the Court granted Defendant's motion to proceed *pro se* but appointed Nicholas Vitek to serve as standby counsel. (*See* Dkt. Nos. 37, 49.) The Court did so to ensure Defendant "the best opportunity to have representation, if necessary, without unduly delaying his case." (Dkt. No. 37 at 4.) Mr. Vitek served in that role through pre-trial motions,

---

[1] *See Faretta v. California*, 422 U.S. 806 (1975).

trial, post-trial motions, and sentencing. (*See, e.g.,* Dkt. Nos. 192, 276, 282, 286, 292, 294, 304, 307, 326.) Then in July 2025, Mr. Vitek informed Defendant that he was no longer serving as standby counsel. (*See* Dkt. No. 407 at 9.)[2] Defendant now seeks a replacement, citing in support the logistical challenges of working while incarcerated before this Court with appointed appellate counsel in support of Defendant's direct appeal. (*See* Dkt. Nos. 407, 408.)

A criminal defendant who wishes to proceed *pro se* has no right to standby counsel. *United States v. Mendez-Sanchez*, 563 F.3d 935, 947 (9th Cir. 2009). Nevertheless, the Court elected to appoint standby counsel here, despite Defendant's insistence it was unnecessary. (*See, e.g.*, Dkt. Nos. 36, 67, 150, 153, 192, 276, 326.) But now that Defendant has been convicted, sentenced and remanded to custody, (*see* Dkt. No. 327), and sought a direct appeal of his conviction, (*see* Ninth Cir. Case No. 23-4261), standby counsel before this Court is no longer necessary to ensure Defendant's trial-related rights. Moreover, Defendant's most recent motions demonstrate a continued ability to effectively argue on his own behalf (albeit unsuccessfully) in this Court. (*See, e.g.*, Dkt. Nos. 389, 394, 397.)

To the extent Defendant believes that additional assistance is needed to review indictment and trial-related materials in support of his appeal, he is advised to work with his appellate counsel. In the meantime, the Court DENIES Defendant's motion for replacement counsel (Dkt. No. 407) and DIRECTS the Clerk to TERMINATE Mr. Vitek's appointment in this case.

DATED this 21st day of October 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] This notice did not comply with CrR 62.2 for withdrawals. Nevertheless, because the Court finds that standby counsel is no longer necessary, Mr. Vitek's failure to comply with the local criminal rules for withdrawals need not be cured.